## Dutton *v.* Lansdowne Borough, Appellant.

*Negligence — Municipalities — Boroughs — Sidewalks — Joint action against borough and landowner.*

An action to recover damages for personal injuries caused by a defective sidewalk may be brought either against the municipality or the property owner, but it does not follow that both can be sued jointly, the measure of responsibility being very different. That of the owner is primary and absolute, to know and to do, while that of the borough is secondary and supplemental, to see that the property owner makes and maintains a safe pavement, and its breach of duty is not in failing to do the work, but in failing to compel the owner to do it.

*Actions—Trespass—Joint tort feasors.*

If two defendants be sued jointly, for a tort, and the evidence is not sufficient to hold one, there may be a discontinuance as to that one, and the trial may proceed, as to the other.

Where a declaration is for a joint tort, and the case goes to the jury as against both defendants, if under such circumstances the evidence fails to show that the defendants were joint tort feasors, it is error to permit a recovery against one or both. Such a case would show, not a mere misjoinder of the parties, but a misjoinder of causes of action.

A joint action of trespass cannot be brought against a municipality and a property owner to recover damages for personal injuries caused by a defective sidewalk.

Argued March 23, 1900.    Reargued February 12, 1901. Appeal, No. 229, Jan. T., 1899, by defendants, from judgment

198  563
200  155

198  563
203  ³635
e203  ³637
d 19 SC ³282
19 SC ²283
20 SC ²615

198  563
h206  ³624

198  563
26 SC ²  9

198  563
211  ³158
d 27 SC ¹569

of Superior Court, Oct. T., 1898, No. 95, affirming judgment of C. P. Delaware Co., Dec. T., 1897, No. 230, on verdict for plaintiff in case of Thomas Dutton and Phenettie Alice Dutton, his Wife, v. The Borough of Lansdowne and George W. Statzell. Before MITCHELL, FELL, BROWN, MESTREZAT and POTTER, JJ. Reversed.

Trespass for personal injuries. Before CLAYTON, P. J.

At the trial it appeared that on December 19, 1895, Mrs. Dutton sustained personal injuries by the breaking of a sidewalk on which she was walking. The defective sidewalk was in front of the premises of George W. Statzell in the borough of Lansdowne.

In the court of common pleas, the borough which had been jointly sued with George W. Statzell, presented, among others, the following point:

5. Inasmuch as it is the duty of property owners to keep the sidewalks in repair, even if the boardwalk were in the highway, no recovery could be had against the borough where the property owner and the borough are joined in one action, because as between these two the liability of the borough is only secondary. Your verdict so far as the borough is concerned must be in its favor. *Answer:* I decline to so charge you.

The jury returned a verdict for the plaintiffs for $687 against the Borough of Lansdowne upon which judgment was entered.

On appeal the judgment was affirmed by the Superior Court.

*Error assigned* was the judgment of the Superior Court.

*Lewis Lawrence Smith,* for appellant.—The plaintiff joined in one action both the borough and the property owner, who was liable over to the borough under its ordinance and under the general law: Mintzer v. Hogg, 192 Pa. 137.

The borough contends that this was a misjoinder: Brookville Borough v. Arthurs, 130 Pa. 515; Lohr v. Philipsburg Borough, 156 Pa. 246 ; Duncan v. Philadelphia, 173 Pa. 550; Pittsburg v. Daly, 5 Pa. Superior Ct. 532 ; Mintzer v. Hogg, 192 Pa. 137; Weakly v. Royer, 3 Watts, 460 ; Chambers v. Lapsley, 7 Pa. 24 ; Leidig v. Bucher, 74 Pa. 65 ; Bard v. Yohn, 26 Pa. 482 ; Klauder v. McGrath, 35 Pa. 128; Collins v. Cronin,

117 Pa. 35; Gallagher v. Kemmerer, 144 Pa. 509; Durkin v. Kingston Coal Co., 171 Pa. 193.

*V. Gilpin Robinson,* for appellee.—The defect in the highway from which the injury resulted is the cause of action. It was the duty of the property owner to repair the defect before the injury to the plaintiffs and, upon the hypothesis that the municipality had notice of the defect, it was likewise its duty to make the repairs, or cause them to be made, before the injury to the plaintiffs. The liability of each to the plaintiffs is primary and direct; hence there was a common duty as respects them to repair and a concurrent default or neglect of this duty: Brookville Boro. v. Arthurs, 130 Pa. 514; Brookville Boro. v. Arthurs, 152 Pa. 334; Reading City v. Reiner, 167 Pa. 41; Little Schuylkill Navigation Co. v. Richards, 57 Pa. 147; Leidig v. Bucher, 74 Pa. 65; Laverty v. Vanarsdale, 65 Pa. 507; Huddleston v. Borough of West Bellevue, 111 Pa. 110; Gates v. Penna. Railroad Co., 150 Pa. 50; Borough of Carlisle v. Brisbane, 113 Pa. 544; Keolsch v. Phila. Co., 152 Pa. 355; Chambers v. Lapsley, 7 Pa. 24; Collins v. Cronin, 117 Pa. 35; Boyd v. Insurance Patrol of Phila., 113 Pa. 269; Weakly v. Royer, 3 Watts, 460; Durkin v. Kingston Coal Co., 171 Pa. 193; Boyle v. Hazleton Boro., 171 Pa. 167; McLaughlin v. Phila. Traction Co. and City of Phila., 175 Pa. 565.

OPINION BY MR. JUSTICE POTTER, March 18, 1901:

The theory upon which the municipality, and the property owner, were sued jointly in this case, is radically wrong. As a result, the judgment must be reversed, for the reason, that the action was brought in a form which cannot be sustained.

The distinction between the duty of the municipality and the property owner is clearly stated in Brookville Borough v. Arthurs, 130 Pa. 501, by Justice STERRETT, in which he says, "The borough and Mr. Arthurs were in no sense of the term joint wrongdoers. They did not co-operate in the same wrongful act in such way as to make them joint wrongdoers. While it is true that the borough could not deny its liability for neglect of its general duty to see that the streets and sidewalks thereof are kept in reasonably good and safe condition, it cannot be contended that the corporation in any way co-operated

with the defendant in his neglect to perform the duty which, as between it and himself, he assumed to discharge. As shown by the evidence the true relation of the defendant to the borough was that of a resident property owner bound by the ordinance, and still further by his express promise, to keep the sidewalk in question in good repair. The claim is not for contribution but to recover from the defendant the amount which the plaintiff was compelled to pay in consequence of his neglect to do what he should have done and expressly promised to do."

The authorities all seem to agree that the plaintiff has the right in cases of this character, to sue either the municipality or the owner, but it does not follow that both can be sued jointly, the measure of responsibility being very different. In Lohr v. Philipsburg Borough, 156 Pa. 246, which was a sidewalk case, the lower court held the borough to the same measure of liability as an employer. But this court, speaking by our Brother MITCHELL, in reversing, said : " There is a clear distinction to be taken between the duties in the two cases. That of the master is primary and absolute, to know and to do, while that of the borough, or of any municipality, as to sidewalks, is secondary and supplemental, to see that the property owner makes and maintains a safe pavement ; and its breach of duty is not in failing to do the work, but in failing to compel the owner to do it."

And again, in Duncan v. Philadelphia, 173 Pa. 550, this court said: " It is the duty of a municipality to exercise a reasonable supervision over its sidewalks ; but, as the first duty in relation to them rests upon the property owner, and that of the city is secondary only; it is not liable for defects without notice, actual or implied, of their existence."

And again, in Mintzer v. Hogg, 192 Pa. 137, the court says : " It is the primary duty of property owners along a street, to keep in proper repair the sidewalks in front of their respective properties ; hence it is that, owing to this primary liability, many cases exist in this state, in which, after recovery from the municipality, the latter has successfully recovered over from the property owner on account of his breach of his primary duty to keep the sidewalk in a safe condition." We repeat, therefore, that it does not follow, that because both the property owner and the borough may be liable, each for the neglect of a particular duty, that they may be joined in an action of tort. The

breach of duty here, is not like that of maintaining a party wall—which is equally incumbent upon both parties. The case of Durkin v. Kingston Coal Company, 171 Pa. 193, has been cited as analogous to the view taken by the trial court. But that case did not turn upon the precise point being considered here, and the court did not pass upon any difficulty growing out of the pleadings. It is difficult to see where any authority for sustaining the judgment in this case, can be found, in Little Schuylkill Navigation Co. v. Richards, 57 Pa. 143, or in Leidig v. Bucher, 74 Pa. 65, as they are authority for the doctrine that defendants who have not joined in committing a wrong should not be joined in the same action. Neither does Laverty v. Vanarsdale, 65 Pa. 507, and other similar cases cited, touch the point here. If two defendants be sued jointly, for a tort, and the evidence is not sufficient to hold one, there may be a discontinuance as to that one, and the trial may proceed, as to the other. In such case, the joint action does not fail, because the tort is not joint, if committed, but for the reason that the evidence fails to show any concert of action.

But where the declaration is for a joint tort, and the case goes to the jury as against both defendants, if under such circumstances, the evidence fails to show that the defendants were joint tort feasors, it is error to permit a recovery against one or both. Such a case would show, not a mere misjoinder of parties, but a misjoinder of causes of action.

In any view of the question, the relation between the municipality and the owner, presents separate and distinct causes of action, and they cannot be sued jointly.

The judgment is therefore reversed.