# Rowland *v.* Philadelphia, Appellant.

*Negligence—Joint tort feasors—Pleading—Practice, C. P.*

Where an action is brought against two or more joint tort feasors, and the evidence fails to show a joint act, the plaintiff may amend his statement of claim, and the defendant may thereupon plead surprise and ask for a continuance.

Where, under such conditions of the proof, a nonsuit is entered in favor of one of the defendants, and the other without objection permits the trial to go on against himself alone, he will be held to have waived his right to raise the question as to the variance between the allegations and the proof, and such question will not be considered by the appellate court. Wiest v. Election Traction Co., 200 Pa. 148, explained.

*Negligence—Municipalities—Stake in crossing.*

In an action by a woman against a city to recover damages for personal injuries, the case is for the jury, and a judgment and a verdict for the plaintiff will be sustained where the evidence for the plaintiff tends to show that the plaintiff in going over a public crossing fell over a stake which was described as being about two inches square and protruding above the ground more than six inches; that the stake had been set by the city surveyor to show the line of a sewer; that the contractor had finished his work and left the street several days prior to the accident; and that under his contract with the city he was prohibited from moving stakes until authorized to do so.

Argued Jan. 16, 1902. Appeal, No. 220, Jan. T., 1901, by defendant, from judgment of C. P. No. 1, Phila. Co., Dec. T., 1899, No. 427, on verdict for plaintiff, in case of Elizabeth Rowland and William Rowland v. City of Philadelphia, William C. Watson and David Perna. Before McCollum, C. J., Mitchell, Dean, Fell, Brown, Mestrezat and Potter, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before Brégy, J.

The facts appear by the opinion of the Supreme Court.

Verdict and judgment for Elizabeth Rowland for $1,700. For William Rowland for $200. Defendant appealed.

*Error assigned* was in submitting the case to the jury.

*Howard A. Davis*, assistant city solicitor, with him *Samuel Chew*, assistant city solicitor, and *John L. Kinsey*, city solicitor, for appellant.

*Francis Fisher Kane*, with him *John Cadwalader, Jr., D. Stuart Robinson* and *James M. Beck*, for appellees.

OPINION BY MR. JUSTICE POTTER, March 3, 1902:

This is an action by husband and wife to recover damages for an injury to the wife. In his opening argument, counsel for the appellant calls attention to the fact that while this suit was brought against the city of Philadelphia and two separate contractors, as joint tort feasors, yet the evidence did not show concert of action, nor was there any attempt upon the trial to prove that the act complained of was the joint act of the defendants. Judgment of voluntary nonsuit was entered against the two contractors, and the action proceeded against the city alone. No exception was, however, taken upon the part of the city to proceeding with the case against itself alone, after the entry of the judgment of nonsuit against the contractors; and the question is raised apparently for the first time in the case at the argument in this court.

Counsel cites a portion of the opinion in Wiest v. City of Philadelphia et al., 200 Pa. 148. While the practice of carelessly, or mistakenly, suing defendants as joint tort feasors, without regard to the fact of their being in reality such, is rather amply criticised in that case, the reversal was upon the ground of error in the rule given to the jury, for the measurement of damages. It was not, however, intended to intimate, that a mistake in bringing a joint action could not be cured by proper amendment. The thought was not fully developed, but the conditions presented emphasized the necessity for amendment. In saying that, " Where a plaintiff in an action of trespass to recover damages for negligence declares for a joint tort, and the evidence shows no joint action by the defendants, a verdict and judgment against one defendant for a separate tort should not be permitted, " the statement stopped short of a repetition of the familiar principle alluded to in the earlier part of the same opinion, that the allegations and the proofs must agree. Under the circumstances referred to, the obvious

method of bringing about this result, the proof being already in, is, to amend the declaration; changing it from one charging a joint tort, to one for a several liability.

The right to such an amendment could hardly be questioned. For whether the tort were joint or not, the defendant was liable to a separate action, for the reason that even in case of a joint tort, the liability is both joint and several; it is not apparent, therefore, how under any circumstances the defendant could be harmed by the allowance of the amendment. The cause of action, which is the alleged negligence of the defendant, remains identically the same. His position becomes practically the same as though a separate action had been brought in the first instance, and to this he had always been liable.

But the allowance of the amendment carries with it the customary right of the defendant to plead surprise; and should fairly entitle him to the benefit of a continuance. This would enable him, when the case comes up for trial, to meet it upon the evidence against himself alone, and freed from the embarrassment of codefendants, with whom he should never have been joined. While the granting of a continuance would as in other cases, rest in the sound discretion of the trial judge, yet its allowance would under such circumstances seem to be so manifestly proper, as to make it the rule. This would provide a remedy for the mischief referred to in Weist v. Philadelphia, supra; and would prevent the cumulation upon one defendant, of the effect of the testimony offered against all.

In the present case, however, no objection was made in the court below, to the course there pursued. The appellant took the chance of the verdict, without any exception to the trial proceeding against it as the sole remaining defendant, after the entry of judgment of nonsuit, in favor of its codefendants. By so doing, it must be held to have waived its right to raise the question, and we cannot now consider it here.

Turning now to the specifications of error; the only one which is pressed in the argument is, to the refusal by the trial judge of binding instructions in favor of the defendant, the city of Philadelphia. In the statement of claim, the negligence charged was the permitting a stake to exist and remain as an obstruction, in the line of travel, upon the public crossing of

the highway, at the intersection of Goodman street and Sedgeley avenue, for an unnecessary length of time after the work upon the highway was completed. And this without guarding the obstruction in any way, or placing a light upon it, so as to give notice to pedestrians by night. The placing of the stake originally, as a guide to the contractors for the street work, was admittedly proper. But the plaintiffs claim that the stake was left in the ground in such a way as to protrude above the surface, and was so left for a considerable time after the work was completed, and the reason for its location had ceased. There was evidence tending to support this claim.

Mrs. Rowland testified that she fell over a stake as she was walking across Sedgeley avenue about half past eight o'clock in the evening. She describes the stake as being about two inches square, and protruding above the ground more than six inches.

The contractor for the sewer testified that stakes were set for him by the city surveyor to show the line of the sewer, but that he had finished the work under his contract, and left the street, several days prior to the accident. It appeared by the terms of the contract with the city that the contractor was prohibited from removing stakes until authorized to do so.

In submitting the case to the jury, the trial judge instructed them that the plaintiff could recover, unless she was guilty of contributory negligence, if they found that she fell over the stake put in by the city, otherwise not. The city was held responsible for nothing beyond the acts and omissions of its own officers. This being the case, no proof of notice to the city as to the existence of the stake was necessary. Had it been placed and retained in its position by third parties, a different question would arise. Neither does it appear from the evidence that the obstruction was so manifest, nor the condition of the street so obviously bad, that the court could say as a matter of law that it was contributory negligence to use the crossing. That was left for the determination of the jury. Under all the evidence in the case it would have been manifest error for the trial judge to have taken the case from the jury, and given binding instructions in favor of the city.

The assignment of error is overruled, and the judgment is affirmed.