Minnich, Appellant, *v.* Lancaster & Lititz Electric Railway Company.

*Negligence—Joint tort feasors—Actions—Parties—Practice, C. P.*

Where in an action of trespass a joint tort is alleged, it must be proved, and if the proof is only of a tort by one defendant or of two separate torts by different defendants, the action cannot be sustained against any of them. In such cases the plaintiff may amend his declaration and proceed against the party liable under the proofs adduced subject to the defendant's right to a continuance.

In an action against two street railway companies and a railway construction company by an owner of land abutting on a public highway to recover damages for the construction of a street railway on the highway without his consent, for injuries to his crops and fences, and for injuries resulting from the reckless manner of operating the cars, where it appears that one of the street railway companies had leased its franchises and properties to the other, and was not responsible for any of the torts alleged; that the other street railway company alone was responsible for the neg-

ligent operation of the road, and that the construction company alone was responsible for the destruction of crops and fences, and that both the construction company and the other street railway company were liable for the unlawful construction of the railroad without plaintiff's consent, it is error to enter a nonsuit. In such a case a nonsuit may be entered as to the defendant not connected with the joint tort, or a peremptory direction given to the jury, and the case submitted as to the other two.

Argued May 20, 1902. Appeal, No. 32, Jan. T., 1902, by plaintiff, from order of C. P. Lancaster Co., Aug. T., 1895, No. 112, refusing to take off nonsuit in case of Zacharias Minnich v. Lancaster & Lititz Electric Railway Company, The Lancaster Railway Construction Company and the Pennsylvania Traction Company. Before MITCHELL, DEAN, FELL, MESTREZAT and POTTER, JJ. Reversed.

Trespass to recover damages for building a street railway in front of plaintiff's property without his consent, for injuries to crops and fences, and for injuries resulting from the alleged reckless operation of street cars. Before LANDIS, J.

At the trial the court entered a compulsory nonsuit on the ground that a joint tort had not been proved as to all three of the defendants.

*Error assigned* was order refusing to take off nonsuit.

*L. N. Spencer* and *H. M. North*, for appellant.—The Lancaster & Lititz Electric Railway Company had no right to enter into a contract for the construction of a railway upon plaintiff's property, and when it did it became a joint trespasser with each and all of those engaged in such construction, acting in pursuance of its authority or for its benefit: Ellis v. Sheffield Gas Consumers' Co., 2 Ellis & Blackburn, 767; Smith v. Simmons, 103 Pa. 32; Edmundson v. Pittsburg, etc., R. R. Co., 111 Pa. 316; Wray v. Evans, 80 Pa. 102; Allen v. Willard, 57 Pa. 374; Pickard v. Smith, 100 Eng. C. L. Rep. 468; Williams v. Fresno Canal, etc., Co., 96 Cal. 14; Robbins v. Chicago, 4 Wall. 657.

The Lancaster & Lititz Electric Railway Company and the Pennsylyania Traction Company are jointly liable with the Lancaster Railway Construction Company for the injury to plaintiff's property if they contributed as actors, directors, re-

634 MINNICH, Appellant, *v.* ELECTRIC RAILWAY CO.

Arguments. [203 Pa.

questors, aiders or abettors of the wrong, or have since the commission of the wrong assumed the benefit of the wrongful act: McCloskey v. Powell, 138 Pa. 383; Gillingham v. Clark, 1 Phila. 51; Welsh v. Cooper, 8 Pa. 217; McGill v. Ash, 7 Pa. 397; St. Paul Water Co. v. Ware, 16 Wall. 566; Magee v. Penna. Schuylkill Valley R. R. Co., 13 Pa. Superior Ct. 187; McBride v. Scott, 125 Mich. 517 (84 N. W. Repr. 517); Gilson v. Wood, 20 Ill. 37; Develing v. Sheldon, 83 Ill. 390; Northern Trust Co. v. Palmer, 171 Ill. 383 (49 N. E. Repr. 553) (13 L. R. A. 219); Dundas v. Muhlenberg, 35 Pa. 351; Dempsey v. Chambers, 154 Mass. 330 (28 N. E. Repr. 279); Tiffin v. McCormack, 34 Ohio, 638; Southern Ohio R. R. Co. v. Morey, 47 Ohio, 207 (24 N. E. Repr. 269).

The court below seemed to stick on the question as to whether or not the Lancaster & Lititz Electric Railway Company can be held for all the damages to his land suffered by plaintiff, caused by the building of the railway. The rule which controls in such cases has been laid down by this court: Frantz v. Lenhart, 56 Pa. 365; Pittsburg, etc., Pass. Ry. Co. v. Donahue, 70 Pa. 119; Whitney v. Backus, 149 Pa. 29; Fisher v. Monongahela Connecting Ry. Co., 131 Pa. 292; Bucklin v. Davidson, 155 Pa. 362.

At the trial and the argument in the court below, defendant's counsel seemed to rely upon Wiest v. Electric Traction Company, 200 Pa. 148. The facts in that case are in no way analogous to this case.

The letting of the contract for the building of the railway by the Pennsylvania Traction Company, and the supervision of the construction by the engineer, as its employee, the building on plaintiff's lands being an unlawful act, was the act not only of itself but also the act of the Lancaster & Lititz Electric Railway Company, the Pennsylvania Traction Company being at the time the owner of all the capital stock of the Lancaster & Lititz Electric Railway Company.

The act of all of the stockholders of a corporation, where the act is unlawful, is the act of the corporation itself: State v. Standard Oil Co., 49 Ohio, 137 (30 N. E. Repr. 279); People v. North River Sugar Refining Co., 121 N. Y. 582 (24 N. E. Repr. 834); Clark on Corporations, p. 9.

*W. U. Hensel*, with him *Coyle & Keller*, for appellee.—The essential question in this case is not (1) whether there can be a recovery against defendants joined as joint tort feasors where the evidence fails to show a joint tort ; not is it (2) whether or not if two or more defendants be sued jointly for a tort and the evidence is not sufficient to hold them all, there may be a discontinuance as to some and the trial proceed as to the other.

For if the first of these propositions were in dispute here very recent decisions of this court would effectually answer and settle it : Howard v. Union Traction Co., 195 Pa. 391 ; Dutton v. Lansdowne Borough, 198 Pa. 563 ; Wiest v. Electric Traction Co., 200 Pa. 148 ; Hart v. Allegheny County Light Company, 201 Pa. 234.

It is a fundamental rule that, where one who contracts to perform a lawful service for another, is independent of his employer in all that pertains to the execution of the work, and is only subordinate in effecting results in accordance with the employer's design, he is an independent contractor, and, in such case, the contractor alone, and not the employer, is liable for damages caused by the contractor's negligence in the execution of the work : Smith v. Simmons, 103 Pa. 32 ; Edmundson v. Pittsburg, McKeesport & Youghiogheny R. R. Co., 111 Pa. 316.

OPINION BY MR. JUSTICE FELL, October 13, 1902:

The error in practice corrected by the decisions in Howard v. Union Traction Co., 195 Pa. 391, and Dutton v. Lansdowne Borough, 198 Pa. 563, was that of joining two or more defendants between whom there had been no concert of action, and under the allegation of a joint tort proving the separate torts of each defendant, and leaving the court or jury to select the party legally responsible. This left the case of the defendant against whom a cause of action was shown prejudiced by the proof of the wrongful action of others with whom he had no connection. Referring to these decisions in Wiest v. Electric Traction Co., 200 Pa. 148, it was said by our Brother POTTER : "Joining several parties as defendants without regard to the question of the tort being joint does no doubt relieve the plaintiff of the responsibility of finding out, before bringing his action, who is justly chargeable with the wrong causing the in-

jury, as it leaves that question to be developed at the trial. The plaintiff may profit by the contention which naturally arises among the defendants, in which each seeks to charge the other. But such a course does not tend to an orderly trial, nor the attainment of justice. . . . We are aware that it is thought that the effect of a misjoinder may be cured by taking a verdict against one defendant only, and authority is not lacking to support this view. But this remedy is not adequate. The mischief in unwarrantably joining as defendants parties who are not in fact joint wrongdoers, is in the confusion and disorder resulting at the trial, and the increased difficulty in arriving at a just verdict. It is not necessary to sue all the parties guilty of committing a tort; for joint wrongdoers are liable jointly and severally. And where a joint suit is brought against a number of defendants, if the evidence shows that one of the parties was not connected with the tort, a verdict or nonsuit as to him is proper. A joint verdict may then be rendered against such of the defendants as are jointly liable."

We have quoted at length from this opinion in order that its scope and effect should not be misunderstood. The point decided in these three cases was that where a joint tort is alleged, it must be proved, and that if the proof is only of a tort by one defendant or of separate torts by different defendants, the action cannot be sustained against any of them. In such cases the plaintiff may amend his declaration and proceed against the party liable under the proofs adduced, subject to the defendant's right to a continuance, as has been pointed out in the recent case. of Rowland v. Philadelphia, 202 Pa. 50.

The facts developed at the trial were these. One of the defendants, the Lancaster & Lititz Railway Company, was authorized by its charter to construct and operate an electric railway about seven miles in length. On the day its charter was obtained, it leased its property and franchises to the Pennsylvania Traction Company, another defendant, for 999 years. The traction company contracted with an individual for the building of the road, and he with the knowledge and approval of the company sublet the contract to the third defendant, the Lancaster Railway Construction Company, by whom the road was built. The consent of the plaintiff to the location of the railway on the public road on which his farms abutted was not

obtained.   The grounds of his complaint were that the railway
was built on the public highway in front of his property with-
out his consent; that in building the road his land was entered
upon, soil and rocks removed therefrom, and his crops and
fences injured; and that the cars are operated in such a reck-
less manner as to render ingress and egress to and from his
farms in all places inconvenient and dangerous and in some
places impossible.

The learned judge was of opinion, and we think rightly, that
nothing had been shown to make the railway company respon-
sible.   It had lawfully procured and lawfully leased its fran-
chises, and it was not liable for the failure of its lessee to obtain
the consent of the plaintiff to the location of the road in front of
his farms.   He also held that for the invasion of the plaintiff's
private property and the destruction of his crops and fences,
the construction company alone was responsible; for the neg-
ligent operation of the road, the traction company alone was
responsible; but that for the unlawful construction of the road
without the plaintiff's consent, both the construction company
and the traction company were liable, on the ground that one
who procures an unlawful act to be done is equally guilty with
one who commits it.   In brief, against one of the defendants,
nothing was shown; as to the other two, it was shown that each
had committed a separate tort, and that together they had com-
mitted a joint tort.

On the ground that a joint tort had not been committed by
all three of the defendants, a nonsuit was entered.   This was
error.   The cases of Howard v. Traction Company and Dutton
v. Lansdowne Borough, supra, are authority only for the prop-
osition that where a joint tort is alleged it must be proved,
and that in such a case the proof of separate torts will not war-
rant a recovery against any of the defendants.   In this case a
joint tort was alleged and proved as to two defendants but not
as to all.   As to the defendant not connected with the joint
tort, a nonsuit might have been entered or a peremptory direc-
tion given the jury, and the case submitted as to the other two.
This would have been in accordance with the rule on the sub-
ject as stated in the opinion in Wiest v. Electric Traction Co.,
200 Pa. 148, that " where a joint suit is brought against a
number of defendants, if the evidence shows that one of the

parties was not connected with the tort, a verdict or nonsuit as to him is proper. A joint verdict may then be rendered against such of the defendants as are jointly liable."

The mistake in admitting irrelevant testimony as to separate torts could have been remedied by striking it out, or instructing the jury to disregard it. If its admission had done harm by prejudicing the case, there would have been ground for a continuance.

The judgment is reversed with a procedendo.