## Goodman *v.* Coal Township, Appellant. Czinski *v.* Coal Township, Appellant. Belter *v.* Coal Township, Appellant.

*Negligence—Joint tort feasors—Action.*

In a suit for a joint tort there can be no recovery upon proof of one or more separate torts. When a joint tort is charged a joint tort must be proved in order to sustain the action. The allegation and the proof must agree in cases of tort as in other cases.

An action against a township and a street railway company to recover damages for personal injuries sustained by the alleged dangerous and unsafe condition of a public road and the railway tracks thereon, cannot be maintained where neither under the facts as set forth in the statement of claim, nor as shown upon the trial, was there any concert of action between the township and the railway company.

206      621
  26 SC [1]   9
206      621
211      [1]159
d 27 SC [1]569

Argued May 25, 1903. Appeals, Nos. 65, 66 and 67, Jan. T., 1902, by defendants, from judgment of C. P. Northumberland Co., Feb. T., 1900, Nos. 107, 108 and 109, on verdict for plaintiffs in cases of Isaac Goodman, August Czinski and Catharine his wife, and Andrew Belter, v. Township of Coal and Shamokin & Mt. Carmel Electric Railway Company. Before MITCHELL, DEAN, FELL, BROWN, MESTREZAT and POTTER, JJ. Reversed.

Trespass to recover damages for death of wives of two plaintiffs and for personal injuries to wife of another plaintiff. Before SAVIDGE, P. J.

The court refused binding instructions for defendants and submitted the case to the jury.

Verdict and judgment for plaintiff Goodman for $5,000.

Verdict and judgment for plaintiff Czinski for $3,500.

Verdict and judgment for plaintiff Belter for $5,000.

Defendants appealed.

*Errors assigned* were in not giving binding instructions for defendants.

*S. P. Wolverton* and *W. W. Ryon*, for appellant.—There was no concert of action and no joint action could, therefore, be maintained: Dutton v. Lansdowne Borough, 198 Pa. 563; Howard v. Union Traction Co., 195 Pa. 391; Wiest v. Electric Traction Co., 200 Pa. 148; Hart v. Allegheny County Light Co., 201 Pa. 234; Minnich v. Lancaster, etc., Ry. Co., 203 Pa. 632.

*James Scarlet* and *W. H. M. Oram*, with them *J. H. M'Devitt*, *J. E. Bastress* and *L. S. Walter*, for appellee.

OPINION BY MR. JUSTICE POTTER, July 9, 1903:

Three suits in trespass were brought against the township of Coal, Northumberland county and the Shamokin and Mt. Carmel Electric Railway Company by Isaac Goodman, Andrew Belter and August Czinski and wife respectively, the first two to recover damages for the death of plaintiffs' wives and the last for injuries sustained by Mrs. Czinski, one of the plaintiffs. In their statements of claim the plaintiffs all declared against

the two defendants as joint trespassers. The three cases, having arisen from the same state of facts, were tried together and resulted in verdicts for the plaintiffs in each case. This opinion is therefore intended to apply to each case.

On the evening of October 15, 1899, about dusk, the three women were driving in a buggy on the public road leading from Shamokin to Mt. Carmel and within Coal township. This road is crossed by the tracks of the Shamokin and Mt. Carmel Electric Railway Company. As the buggy containing the women was crossing the tracks of the railway company, it was overturned and its occupants were thrown out into the ditch at the side of the road. Mrs. Goodman was instantly killed, Mrs. Belter was injured so seriously that her death ensued in a few days and Mrs. Czinski suffered severe and permanent injuries. The plaintiffs alleged that the railroad tracks, either from the negligent manner of their construction or from the failure to keep them in proper repair, were dangerous to persons driving across them and that this unsafe condition of the tracks was the cause of the accident.

In their statements the plaintiffs sought to charge the township with negligence because it had failed in its duty to keep the highway in good order and repair and in a condition safe for public travel, and also to charge the railway company with negligence for constructing its tracks across the public highway in a negligent and unsafe manner, thus creating a dangerous impediment and obstruction to public travel. They also charged the township with negligence in permitting the railway company to obstruct the highway and render it unsafe for travel. The statements all concluded with averments that, by reason of the joint carelessness and negligence of the defendants, "the said township of Coal in not keeping the said public road in good condition and repair and safe for public travel, and in allowing the said obstruction, depression, defects and imperfections to remain therein after due notice thereof, and the said Shamokin and Mt. Carmel Electric Railway Company in erecting, constructing and placing said obstructions, depressions and imperfections in said road and keeping and maintaining the same therein so as to render and keep the said public road dangerous and unsafe for public travel," the plaintiffs had sustained their injuries.

The court below declined to give binding instructions for the defendants and permitted the jury to find verdicts against them both as joint tort feasors. As to that aspect, these cases cannot be distinguished in principle from Dutton v. Lansdowne Boro., 198 Pa. 563, Wiest v. Electric Traction Co., 200 Pa. 148, and Rowland v. Philadelphia, 202 Pa. 50. In Wiest v. Traction Company, it was said (p. 152) : "If no concert of action is shown, and therefore no joint tort, and the case is one of separate tort or torts, upon the part of one or of several defendants, the action is not sustained, and there should be no verdict against any one. In a suit for a joint tort there should be no recovery upon proof of one or more separate torts. When a joint tort is charged, a joint tort must be proved, in order to sustain the action. The allegation and the proof must agree in cases of tort, as in other cases."

This case is emphasized as stating the correct rule in the late case of Minnich v. Lancaster, etc., Electric Railway Company, 203 Pa. 632.

There can be no doubt under the above authorities that the torts here complained of, were separate, not joint. Neither under the facts as set forth in the plaintiffs' statement nor as shown upon the trial was there any concert of action apparent between the township and the railway company. Upon the record as it stood at the time of the trial, and upon the plaintiffs' evidence, no verdict could have been properly rendered against any one, and the defendants were entitled to binding instructions in their favor. But as pointed out in Rowland v. Philadelphia, 202 Pa. 50, and Minnich v. Lancaster, etc., Electric Railway Company, 203 Pa. 632, the plaintiffs would have had the right, if the question of joint liability of the defendants had been directly raised upon the trial, to amend the statement and proceed against either one of the parties who may have been liable under the proofs adduced, and subject to the defendant's right to a continuance.

While the judgment must be reversed, it is proper that a new venire should be granted, in order that the plaintiffs may now elect which of the defendants to follow, and that the statement may be amended accordingly.

The judgment in each case is reversed and a venire facias de novo is awarded.