## City of Bradford, Appellant, v. Barry.

*Negligence—Sidewalks—Defects—Injury to pedestrians—Recovery against city—Action over against property owner—Notice—Nonsuit—Practice, C. P.*

1. In an action by a municipality against a property owner to recover damages paid by the former to a pedestrian for injuries sustained in consequence of a fall occasioned by the defective condition of a sidewalk in front of defendant's property, which was at the time occupied by a tenant, the burden is upon the plaintiff to show that the defendant had either actual or constructive notice

of the defect which caused the injury, and in the absence of such proof a compulsory nonsuit is properly entered.

2. Where in such case a city ordinance requires that the owners are to be notified by the city to repair defective sidewalks, the municipality is not in a position to complain of lack of care on the part of the property owner in failing to make such repairs where it has given no direction that they should be made.

3. Where in such case the title to the property is in a life tenant and remaindermen, there is no duty or liability on the part of the remaindermen in respect to the repair of the sidewalk, and where the remaindermen are improperly joined as parties defendant the proper practice is for the plaintiff to offer to eliminate them from the record.

Argued May 1, 1916. Appeal, No. 54, Jan. T., 1916, by plaintiff, from final order of C. P. McKean Co., Oct. T., 1913, No. 104, refusing to take off compulsory nonsuit in case of City of Bradford v. Edwin Barry and Ellen Barry, Executors of the last Will and Testament of John Barry, deceased; Ellen Barry, Edwin Barry, Nora Barry Nash, Mary Barry Donovan, James Barry, John Clarence Barry, Frank Barry, George Barry, Leo Barry, and Ellen Barry, guardian ad litem of John Clarence Barry, Frank Barry, George Barry and Leo Barry, minor children of John Barry, deceased. Before Mestrezat, Potter, Moschzisker, Frazer and Walling, JJ. Affirmed.

Trespass by municipality to recover over from a property owner damages paid to a pedestrian for injuries resulting from defects in sidewalk. Before Bouton, P. J.

The facts appear by the opinion of the Supreme Court.

The lower court entered a compulsory nonsuit which it subsequently refused to take off. Plaintiff appealed.

*Error assigned* was in refusing to take off the nonsuit.

*F. P. Schoonmaker,* City Solicitor, for appellant.—It is the primary duty of property owners to keep the sidewalk in a safe condition: Lohr v. Phillipsburg Bor-

ough, 156 Pa. 246; McLaughlin v. Kelley, 230 Pa. 251; Duncan v. Philadelphia, 173 Pa. 550; Pittsburgh, for use of Flanagan, v. Fay, 8 Pa. Superior Ct. 269; Mintzer v. Greenough & Hogg, Trustees, 192 Pa. 137.

The terms of the ordinance relating to repair of sidewalks are not such as to preclude the city from recovering in an action over against the property owner: Ashley v. Lehigh & Wilkes-Barre Coal Co., 232 Pa. 425.

*J. E. Mullin,* with him *Charles H. English, John P. Melvin* and *F. D. Gallup,* for appellees.—The ordinance does not purport to impose upon the property owner any duty to construct or repair sidewalks until after he has been notified by the city to do so: Commonwealth v. Thomas, 248 Pa. 256; In re Road in Borough of Phœnixville, 109 Pa. 49.

OPINION BY MR. JUSTICE MOSCHZISKER, July 1, 1916:

Clara Lockwood sued the City of Bradford to recover damages for personal injuries suffered through a fall on a defective sidewalk; she secured a verdict, which was followed by judgment in her favor; the city paid the amount of the award, and brought this action against the present defendants, alleging they owned the property in front of which the accident happened, and had negligently permitted the sidewalk to get out of repair; a nonsuit was entered, which the court below refused to remove, and the plaintiff has appealed.

John Barry devised the premises in question to his wife, Ellen Barry, for life, and directed that, upon her death, it be divided among his children; the testator's executors, his widow and his children are all named as defendants in the present action. The City of Bradford served due and proper notice on Ellen Barry, and all but one of the other defendants, to come in and defend Mrs. Lockwood's prior suit. At the trial of the present case, the city introduced an ordinance passed in 1890 providing, inter alia, that sidewalks should be con-

structed on both sides of every street, and that.lot own-
ers are "required to repair and put in good order any
sidewalk......, within twenty-four hours after notice
shall be given them or their agents......that such re-
pairs are needed." The plaintiff's declaration avers
that, under the laws of Pennsylvania, the City of Brad-
ford had "power and authority to make, lay out and con-
struct......sidewalks," and, in effect, that it had con-
structed the one involved in this case. No notice to re-
pair was given any of the defendants, and none of them
occupied the property to which this sidewalk belonged;
moreover, Ellen Barry was the only one of the defend-
ants who was even entitled to present possession of the
premises, and there is nothing to indicate that she had
either actual or constructive notice of the defect com-
plained of.

In a suit of this character, by a city against a property
owner, it is necessary to show not only the prior recov-
ery against the former, and payment by it to the injured
person of the damages there determined, but also cir-
cumstances from which it can be found that, before the
date of the accident, the defendant had either actual or
constructive notice of the defect or fault which caused
the injury. As recently pointed out (Philadelphia v.
Bergdoll, 252 Pa. 545, 548), where the owner has had
notice to come in and an opportunity to defend the prior
suit against the municipality, a judgment therein con-
cludes him on the facts relating to the existence of the
defect in the sidewalk, the extent of the damages suf-
fered by the injured person, and the latter's due care at
the time of the accident (see also Brookville Boro. v Ar-
thurs, 130 Pa. 501, 514-5) ; but, in the subsequent suit
to recover over against such owner, this does not relieve
the municipality from the burden of showing the defend-
ant had due notice of the defect in question. Where
both the owner and the municipality have been guilty of
negligence, and, under the facts in the case, a person in-
jured thereby might recover against either, the former is

said to be primarily and the latter only secondarily liable; where, however, there is no proof of prior notice of the defect which caused the injury, neither is liable. Therefore, until actual or constructive notice of the defective condition of the sidewalk is brought home to an owner, negligence on his part toward the person injured is not shown; until then no recovery can be had against him; and this is so, even though the municipality, because of failure to perform its duty after notice of the defect, has been obliged to pay damages to the injured party.

Here, as already suggested, there was no proof that any of the defendants had either actual or constructive notice of the defect which caused the injury, and the city did not attempt to show service of a notice to repair, as required by its ordinance. In Meanor v. Goldsmith, 216 Pa. 489, 493, we ruled that an ordinance such as the one now before us is in the nature of a police regulation, to be enforced against the owner of a property affected; further, on the facts there involved, the title to the property being in a life tenant and remaindermen, we held that the former and not the latter was liable; see also York City v. Beitzel, 41 Pa. Superior Ct. 194, 200. The present ordinance not only requires that owners be notified to repair defective sidewalks, but it provides how and with what materials these repairs shall be made; which, considering the facts in connection with their original construction, indicates a desire on the part of the plaintiff city that its sidewalks shall not be indiscriminately patched, but repaired only on notice, possibly so that it might maintain a certain control over the execution of such work. This being the case, as between the present plaintiff and defendants, in the absence of the notice required by the terms of its own ordinance, the municipality certainly is not in a position to complain of lack of care, particularly where, as here, no evidence was produced to show either actual or constructive notice of the defect which caused the injury.

In conclusion, of the several defendants joined in this action, only one (the life tenant) had a present right to possession of the property with which we are concerned, or was fixed with the responsibilities following in the wake of such a right; yet the plaintiff did not offer to eliminate any of the others, as proper practice required: Dutton v. Lansdowne Borough, 198 Pa. 563; Wiest v. Electric Traction Co., 200 Pa. 148; Minnich v. Lancaster & Lititz Elect. Ry. Co., 203 Pa. 632. It is clear, these other defendants had no right to go upon the premises in order to make repairs, and, therefore, that they could not be held liable either to the person injured or to the plaintiff in this case. On all the facts at bar, we are convinced that no error was committed in refusing to remove the nonsuit.

The several assignments are overruled, and the appeal is dismissed.