# Cleary *v.* Quaker City Cab Co., Appellant, et al.

*Constitutional law—Title of act—Joint tort-feasors—Procedure —Act of June 29, 1923, P. L. 981.*

1. The Act of June 29, 1923, P. L. 981, entitled "An Act relating to procedure in suits wherein it is pleaded that two or more defendants are liable for a specific cause of action," does not offend against article III, section 3, of the Constitution, as insufficient in title.

2. The title sufficiently covers a provision that where there is no evidence to sustain a verdict against one of the defendants, the suit may be dismissed as to such defendant, and the trial continued as to the others.

*Statutes—Prospective and retroactive acts—Act of June 29, 1923, P. L. 981.*

3. Inasmuch as the Act of June 29, 1923, P. L. 981, relating to suits where two or more persons are charged with a joint liability, deals with procedure alone, and effects no substantive right, it applies to all cases within its purview whether arising prior to its enactment or thereafter.

*Negligence—Pleading—Joint tort—Statement of claim.*

4. In an action of trespass against two defendants, the statement of claim sufficiently avers a joint tort, where it charges the defendants with a community of fault which occasioned the injury.

5. If, in such case, the statement is construed as alleging two separate torts as distinguished from a joint tort, one defendant cannot complain, even apart from the Act of June 29, 1923, P. L. 981, of an entry of nonsuit in favor of his codefendant; and especially is this so where he allowed the trial to continue without objection after the nonsuit was entered.

*Negligence—Joint tort-feasors—Entry of nonsuit in favor of one defendant—Continuance of trial after nonsuit—Conflict of evidence—Taking off nonsuit—Parties—Appeals—Act of June 29, 1923, P. L. 981.*

6. Under the provision of the Act of June 29, 1923, P. L. 981, where the statement of claim avers joint liability of two or more defendants, but at the trial the judge thinks that a joint liability has not been proved as to some of them, and, owing to a conflict of evidence, he is not able to determine which, if any, of the defendants are liable, he must submit it to the jury to determine, which,

if any, of the defendants are jointly liable, and, of course, this finding will exclude liability as to the others.

7. But where, at the end of the trial, the judge, after taking the evidence into consideration, is doubtful as to whether or not, on the undisputed facts, a joint liability of one or more of the defendants has been proved, he may reserve the point concerning which he is in doubt, for the consideration of the court in banc.

8. Where the statement of claim avers a joint liability, and it appears at the close of plaintiff's case, on the undisputed evidence produced by him, or at any other stage of the trial, by proper admission and undisputed proofs, that recovery against one or more of the defendants cannot be sustained, the judge may dismiss the suit, in part, by entering a nonsuit as to the defendants who are not shown to be liable and permit it to proceed against the others.

9. In such case the entry of a nonsuit in favor of one of two defendants, does not entitle the other defendant, against whom a verdict and judgment was rendered, to question the entry of such nonsuit.

10. The mere entry of a nonsuit, even on the merits of the case, renders none of the issues involved res judicata; hence the nonsuit injures no one and cannot be assigned as error. It is the refusal to take off the nonsuit that results in an appealable judgment.

11. Where a nonsuit is entered in favor of one of two defendants jointly charged, plaintiff, and not the other defendant, is the only party entitled to move to take it off.

*Negligence—Automobiles—Collision—Joint tort-feasors — Nonsuit as to one defendant—Act of June 30, 1919, P. L. 678.*

12. Where a passenger in a taxicab sues the owner of the cab and the owner of a truck for injuries suffered in a collision at a crossing between the two vehicles, and, at the end of plaintiff's case, it appears that the owner of the truck had the right of way, and that the taxicab driver had violated the Act of June 30, 1919, P. L. 678, the court may enter a nonsuit in favor of the owner of the truck, and permit the case to go to a verdict against the owner of the cab, and, from the action of the court in entering the nonsuit, or in refusing to take it off, the owner of the cab has no appeal.

*Appeals — Assignments of error — Statement of questions involved.*

13. On an appeal all that the appellate court is required to deal with, are the points covered by the assignments of error and the statement of questions involved.

Argued January 5, 1926.  Appeal, No. 362, Jan. T., 1925, by Quaker City Cab Co., defendant, from judgment of C. P. No. 2, Phila. Co., Dec. T., 1922, No. 5209, on verdict for plaintiff, in case of Patrick Cleary *v.* Quaker City Cab Co. and Public Ledger Co.  Before MOSCHZIS- KER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SAD- LER and SCHAFFER, JJ.  Affirmed.

Trespass for personal injuries.  Before LEWIS, J.
The opinion of the Supreme Court states the facts.
Nonsuit as to Public Ledger Co.; refusal to take off.

Verdict and judgment for plaintiff for $5,000 against the Quaker City Cab Co.  Quaker City Cab Co. ap- pealed.

*Errors assigned* were (1) refusal to take off nonsuit as to the Public Ledger Co. codefendant, and (2) refusal of binding instructions for defendant, Quaker City Cab Co., quoting record.

*Wm. W. Smithers,* of *Smithers, Lank & Horan,* for appellant.—The court below had no authority to grant a nonsuit under the Joint Suit Act of June 29, 1923, P. L. 981, and the language used in giving decision to do so tended to prejudice the jury against the cab company as remaining sole defendant: Weber v. Greenebaum, 270 Pa. 382; Black v. Mark, 273 Pa. 138.

Binding instructions in favor of the defendant cab company should have been given, as requested, because the Joint Suit Act was inapplicable: Minnich v. Ry. Co., 203 Pa. 632; Howard v. Traction Co., 195 Pa. 391; Dutton v. Boro., 198 Pa. 563; Wiest v. Traction Co., 200 Pa. 148; Rowland v. Phila., 202 Pa. 50.

Joint Suit Act of 1923, is unconstitutional as a viola- tion of article III, section 3, thereof: Strain v. Kern, 277 Pa. 209; Spangler's Est., 281 Pa. 118; Investor's Realty Co. v. Harrisburg, 281 Pa. 200; Miller v. Bel- mont Co., 268 Pa. 51.

*Thomas James Meagher,* for appellee.—There was nothing prejudicial to appellant in the reasons that the learned trial judge gave for the entry of the nonsuit.

The most that appellant's argument could succeed in accomplishing would be that the nonsuit itself as to its codefendant was erroneous and, in that sense, prejudicial to the present appellant but, if that be the case, it not only took no exception to the reasons on the score of their prejudice to it but it likewise took no exception to the entry of the nonsuit itself: Gates v. Keichline, 282 Pa. 584.

A nonsuit is plainly within the purview of the Joint Suit Act of June 29, 1923, P. L. 981, under the same circumstances and under the same rules of law as a nonsuit is proper in any other class of tort actions.

The refusal to grant binding instructions in favor of appellant is not now open to review.

But, even were it open to review, the Joint Suit Act of 1923 relates solely to procedure, does not purport to deal with the substantive rights of litigants and, therefore, applies to cases pending at the time of its enactment.

The statute is constitutional: Com. v. Keystone Benefit Assn., 171 Pa. 465; 1 Pepper & Lewis Digest, col. 103.


OPINION BY MR. CHIEF JUSTICE MOSCHZISKER, February 1, 1926:

Patrick Cleary, who was a passenger in a taxicab, recovered damages for personal injuries caused by what the jury found to be the negligence of its driver. The suit was brought against two defendants, the Quaker City Cab Company, a common carrier (appellant), and the Public Ledger Company, plaintiff alleging in his statement of claim that he was injured through their combined negligence. At the trial, after plaintiff had produced his case in full, the presiding judge concluded there was no evidence to sustain a verdict against the last-named defendant, and, accordingly, entered a non-

suit as to it.  The other defendant, against which judgment was entered on a verdict, has appealed, complaining of the refusal of its motion to remove this nonsuit.

In entering the nonsuit, the trial judge followed what he conceived to be the practice provided by the Act of June 29, 1923, P. L. 981.  The title of this statute reads thus: "An act relating to procedure in suits wherein it is pleaded that two or more defendants are liable for a specified cause of action"; and the act itself provides means whereby the trial of causes may be proceeded with promptly when the statement of claim avers that "two or more defendants are jointly liable," but it develops at trial that the averment as to a joint liability on the part of all of the defendants is not sustained by the evidence, or where the trial judge has a doubt concerning the legal sufficiency of the evidence in that respect.

Appellant states four questions involved, and these will be disposed of specifically as we proceed; under one of them, it contends that the Act of 1923 offends against article III, section 3, of the Constitution of Pennsylvania, providing that no bill shall contain more than one subject, which shall be clearly expressed in its title.  As to this, it is sufficient to say that the present statute contains but one subject, which is expressed with sufficient clearness in its title.  The act was evidently drawn to remedy a procedural difficulty which existed in our law when two or more defendants were charged with joint liability and it was not proved as alleged; this purpose is amply covered by the title employed. Under the old law, as established by our cases, an action could not be sustained against either of two defendants, charged with joint liability, where it developed at trial that though one might be separately liable the other was not; that is to say, a joint tort had to be proved: see Dutton v. Lansdowne Boro., 198 Pa. 563; Rowland v. Phila., 202 Pa. 50, 51; Minnich v. Electric Ry. Co., 203 Pa. 632, 636, 637; City of Bradford v. Barry, 254 Pa. 303,

246 CLEARY *v.* QUAKER CITY CAB CO., Aplnt., et al.

308; Polis v. Heizmann, 276 Pa. 315, 317. When, for instance, a joint tort was charged, but it appeared that the acts of the various defendants, or certain of them, though happening at the same time, constituted separate torts, and, therefore, not joint torts, the trial could not be carried on until all nonjoint tort-feasors were eliminated, by nonsuit or otherwise, and the pleadings amended accordingly (Rowland v. Phila., 202 Pa. 50, 51, 52; Booth v. Dorsey, 202 Pa. 381, 383, 384, 386; Minnich v. Electric Ry. Co., 203 Pa. 632, 636, 637; Goodman v. Coal Twp., 206 Pa. 621, 624; Sturzebecker v. Inland Traction Co., 211 Pa. 156, 159, 160); and, under such circumstances, the right to amend was subject to a privilege in the remaining defendants, on pleading surprise, to have a continuance: Rowland v. Phila., supra, 52; Minnich v. Elec. Ry. Co., supra, 636. Doubtless it was to meet this condition of affairs and to give a practical and speedy remedy in such cases that the Act of 1923 was passed. Since the statute deals with procedure alone, and affects no substantive rights, it applies to all cases within its purview, whether arising prior to its enactment or thereafter (Kille v. Reading Iron Works, 134 Pa. 225, 227; King v. Security Co., 241 Pa. 547, 551; Kuca v. Lehigh V. Coal Co., 268 Pa. 163, 166); this determines a second of the questions stated for our decision.

The other two questions placed before us by appellant, when taken together, raise the point as to whether plaintiff's statement of claim avers a joint tort or only two separate torts happening at the same time. In one of these questions appellant treats the case as having to do with a joint tort, and, in the other, as involving two separate, though, in the above sense, "concurrent," torts. In this connection, however, it is sufficient to say that, as we view the statement of claim, it avers a joint tort in the sense of "a community of fault which occasioned the injury" (see Howard v. Union Traction Co., 195 Pa. 391, 395; O'Malley v. Phila. R. T. Co., 248 Pa. 292; Gold-

men v. Mitchell-Fletcher Co., 285 Pa. 116; see also
Hitchins v. Wilson, 68 Pa. Superior Ct. 366); but if, on
the contrary, this pleading be read as alleging two sepa-
rate torts, as distinguished from a joint tort, then, with-
out regard to the Act of 1923, the nonsuit would have
been warranted, and, in the absence of objection entered
by appellant to the trial proceeding, it cannot now com-
plain: Rowland v. Phila., 202 Pa. 50, 51, 52. This dis-
poses of a third question stated for our decision.

The remaining question involved, referred to above,
is phrased by appellant thus, "Whether under the Joint
Suit Act of 1923 a trial judge is authorized to enter a
nonsuit as to one of two joint defendants in tort and
permit the trial to proceed against the other one, where
the facts are in dispute?" This requires a construction
of the statute and a brief review of the state of the evi-
dence when the nonsuit was entered.

The act in question provides: "Whenever it is pleaded
in any suit that two or more defendants are jointly
liable for the cause of action specified, and [1], in the
opinion of the trial judge, the evidence may not justify
a recovery against some of them, the suit shall not be
dismissed as to all, but the case shall be submitted to the
jury, if the facts are in dispute, to determine which, if
any of them, are liable, or, [2] if the facts are not in dis-
pute, the question of liability of any or all of them may
be reserved for consideration by the court in banc, or [3]
the suit may be dismissed as to some and the trial pro-
ceed against the others, in every such contingency with
the same effect as if the defendants ultimately found to
be liable were the only ones [originally] alleged to
be so."

The statutory provision marked "[1]" above is meant
to cover cases where the plaintiff avers in his statement
of claim that the defendants named by him are "jointly
liable," but, when all the evidence is taken, the trial
judge feels that a joint liability has not been proved as
to "some of them," though, because certain of the facts

are in dispute, he is not able to determine "which, if any, of [defendants] are [the ones] liable." On such a condition of affairs, the act provides that, instead of dismissing plaintiff's case, the trial judge shall submit it to the jury to determine which, if any, of the defendants are jointly liable, and, of course, this finding will exclude liability as to the others.

The provision marked "[2]" is meant to cover cases where joint liability of the defendants is pleaded in plaintiff's statement of claim, but where, at the end of the trial, after taking the evidence into consideration, the presiding judge is doubtful as to whether or not, on the undisputed facts, a joint liability of one or more of the defendants has been proved. Under such circumstances, the trial judge may reserve the point concerning which he is in doubt for consideration of the court in banc.

The provision marked "[3]" is to cover cases where, though the statement of claim avers a joint liability, it appears, at the close of plaintiff's case, on the undisputed evidence produced by him, or at any other stage of the trial, by proper admissions or undisputed proofs, that recovery against one or more of the defendants cannot be sustained in law. In such cases the trial judge may dismiss the suit as to the defendants who are so shown to be not liable, and permit it to proceed against the others.

This last provision clearly authorizes the entry of a nonsuit, at the close of plaintiff's evidence, so far as concerns any defendant whose liability has not been proved, and justifies the nonsuit in the present case. At the close of the testimony produced by plaintiff, it appeared that, when the taxicab in which he was riding eastward on Chestnut Street, Philadelphia (a public highway 60 feet wide from houseline to houseline, containing a 26-foot wide roadway), was about 45 feet from the westernmost line of Seventh Street (a public highway 50 feet wide, with a roadway 26 feet in width), an

automobile truck, belonging to the Public Ledger Company, emerged from the southernmost houseline of Chestnut Street, going north on Seventh Street, at approximately 20 miles an hour, which was the same rate of speed at which the taxicab was traveling, and that the chauffeur of the latter vehicle,—instead of allowing the driver of the truck to have the right of way to which he was entitled under the law (see Act of June 30, 1919, P. L. 678),—speeded the taxi, and then, in order to avoid a collision, attempted to turn in the direction in which the truck was going, causing the taxicab to run up on the pavement of the building at the northeast corner of Seventh and Chestnut streets and to crash against the wall of that structure, thereby injuring plaintiff.

It follows from what has already been said that the dismissal of the suit against the Public Ledger Company was authorized in law and warranted in fact, and hence, perhaps, we might wisely end our opinion at this point were it not that to do so would give countenance to the mistaken idea entertained by appellant that one in its position is entitled to question the entry of a nonsuit against another defendant pleaded as jointly liable with it. For convenience in disposing of the questions thus far discussed, we have treated the case as though such a right exists; but the law is otherwise.

No matter what may have been decided in other jurisdictions (see, for instance, the opinion of Chief Justice BLODGETT in Ordway v. Boston & M. R. R., 69 N. H. 429, 45 Atl. 243), it is settled in Pennsylvania that the mere entry of a nonsuit, even on the merits of a case, renders none of the issues involved res judicata (Bournonville v. Goodall, 10 Pa. 133, 134; Fitzpatrick v. Riley, 163 Pa. 65, 70; Bliss v. Phila. R. T. Co., 73 Pa. Superior Ct. 173, 176); hence, with us, the nonsuit injures no one, and cannot be assigned as error. What must be held to have been adjudicated when the motion of one entitled under our statutes (Act of 1836, P. L. 76, section 7; Act of 1875, P. L. 6) to ask for the removal of a nonsuit has

so acted, thus submitting himself to an appealable judgment, and the effect in subsequent suits of such a judgment (see Finch v. Conrade, 154 Pa. 326, 328; Hartman v. Incline Plane Co., 159 Pa. 442, 444; but see also Fleming v. Ins. Co., 6 Pa. L. Journal 373, 4 Clark 54) we need not here discuss, for the only one authorized so to proceed is the plaintiff against whom the nonsuit was entered. In other words, the fact that appellant is one of two defendants named as liable in plaintiff's pleadings, gives it no right to move to take off the nonsuit entered in favor of the second defendant, since the nonsuit is not a judgment against appellant; and the further fact that the latter has chosen to pursue this course cannot add to its rights. Neither the Act of 1923 nor any other statute gave appellant the right to ask for the removal of the nonsuit, and, not possessing the right to seek such relief, it cannot here complain of its refusal. Then, again, as pointed out above, the nonsuit harms no one in the position of this appellant.

The case at bar, so far as the issues involved between appellant and appellee are concerned, was for the jury, and it was properly submitted in a careful charge to which counsel who appeared for appellant at trial noted no special exceptions; and, after the trial judge satisfactorily covered some omissions to which his attention had been called, counsel even withdrew his request for a general exception.

The various points covered by the specifications of error and the statement of questions involved are now disposed of, and this is all that we are required to deal with (Kramer v. Standard Steel Car Co., 281 Pa. 348, 352; Thompson's Est., 282 Pa. 30, 39; Singer v. Pilton, 282 Pa. 243, 246; Roberts v. Cauffiel, 283 Pa. 64, 70); but it may not be amiss to state that, on examining the whole record, we find no reversible error.

The judgment is affirmed.