## Good Roads Company v. Lancaster County et al.

*H. Clay Burkholder* and *Windolph & Mueller*, for plaintiff.

*William H. Kready, Oliver S. Schaeffer, S. V. Hosterman, S. R. Zimmerman* and *John E. Malone*, for defendants.

GROFF, P. J., January 16, 1932.—In this case the Good Roads Company, a Pennsylvania corporation, brought suit, under the Joint Suit Act of June 29, 1923, P. L. 981, against the five defendants to recover damages which the plaintiff alleged it sustained by reason of the collapse of the Eden Bridge, formerly

known as Binkley's Bridge, which crosses the Conestoga River in Manheim Township, Lancaster County, Pa., on what is known as the New Holland Turnpike Road.

In paragraph seven of the statement of claim plaintiff alleges that "The defendants hereinabove named, jointly and/or severally, are, and at and prior to the times herein mentioned were, legally bound to maintain and repair said bridge and keep it in a good and safe condition for the traveling public."

In paragraph eight of the said statement plaintiff alleges that "The collapse of said bridge was caused by the negligence of the defendants in failing to keep said bridge repaired and to maintain it in a proper and safe condition for the traveling public," and then assigns four respects in which the defendants neglected their duties.

Paragraph nine alleges that "The various defects above mentioned in the condition of said bridge were patent defects which either (a) were within the knowledge of the defendants, or (b) would have been disclosed to the defendants by an ordinary inspection." Plaintiff's statement then sets forth the damages suffered.

A reading of the above-recited paragraphs in plaintiff's statement, as well as a reading of the remaining parts of plaintiff's statement, shows that the plaintiff does not allege facts which show the ownership of the bridge by, and/or the liability of, any of the defendants for the repair and maintenance of this bridge. It concludes, for some reason not disclosed in the statement, that the defendants jointly and/or severally are legally bound to repair and maintain said bridge.

Numerous lower court decisions determine that a statement of claim must aver facts sufficient to constitute a cause of action, and with particularity enough to notify defendant of the character and foundation of the claim he is to meet.

We think that plaintiff's statement, taken as a whole, is insufficient, for the reason that it does not show in what manner the defendants, or any of them, are liable for the injury which is sustained. While we do not want to treat the demurrer as a motion to strike off plaintiff's statement, and have determined, for the reasons hereafter to be stated, that the question of law raised in the affidavits of defense shall be decided against the defendants and in favor of the plaintiff, we would suggest that the plaintiff file a more specific statement, showing how and in what manner the different defendants jointly and/or severally are liable for the maintenance of this bridge or the injury which plaintiff sustained.

The question involved here is whether, under the facts alleged in the statement, and in view of the Joint Suit Act of 1923, the defendants may file an affidavit of defense raising a question of law under section twenty of the Practice Act of May 14, 1915, P. L. 483, without answering the averments of fact in the statement of claim.

The Joint Suit Act of 1923 is an act "relating to procedure in suits wherein it is pleaded that two or more defendants are liable for a specified cause of action." Section one of the said act provides as follows:

"That whenever it is pleaded in any suit that two or more defendants are jointly liable for the cause of action specified, and, in the opinion of the trial judge, the evidence may not justify a recovery against some of them, the suit shall not be dismissed as to all, but the case shall be submitted to the jury, if the facts are in dispute, to determine which, if any of them, are liable, or, if the facts are not in dispute, the question of liability of any or all of them may be reserved for consideration by the court in banc, or the suit may be dismissed

590

as to some and the trial proceed against the others, in every such contingency, with the same effect as if the defendants ultimately found to be liable were the only ones alleged to be so."

This act seems to us to prescribe a specific manner of proceeding in all cases where it is alleged that two or more defendants are jointly liable for the cause of action specified, and it plainly contemplates in such actions that the evidence shall be heard by the court, and then a disposition such as will do justice to all the parties shall be made of the various defendants under the direction of the court. All doubtful cases are to be submitted to the jury.

Section two of the said act provides that:

"In all such cases, upon proper application, the court in banc may enter judgment notwithstanding the verdict against such of the defendants as may be deemed liable whether or not the question of liability was reserved at the trial and whether or not the cause of action was alleged as against them alone or jointly in connection with others."

In other words, the manner of proceeding, so far as protecting the rights of defendants is concerned, is complete.

In the case of Cleary v. Quaker City Cab Co. et al., 285 Pa. 241, Mr. Chief Justice Moschzisker, after reviewing the purpose of the Act of 1923 and the procedure prior to its passage, says, at page 246, that: "Since the statute deals with procedure alone and affects no substantive rights, it applies to all cases within its purview, whether arising prior to its enactment or thereafter. . . ." The chief justice in the same case, at page 248, said: "This last provision clearly authorizes the entry of a nonsuit, at the close of plaintiff's evidence, so far as concerns any defendant whose liability has not been proved, and justifies the nonsuit in the present case."

It is, therefore, plain that the rights of all defendants can be amply taken care of on the trial of the case, and in this particular instance one of the defendants is the County of Lancaster, and the county is not required by law to file an affidavit of defense in the above action, under the Act of May 3, 1917, P. L. 149, amending the twelfth section of the Practice Act of 1915, which expressly sets forth: "Provided, that counties, cities, boroughs, townships, school districts and other municipalities shall not be required to file an affidavit of defense."

As we suggest above, the statement of claim filed in this suit sets out a cause of action, and although it includes a claim for damages improperly stated, it is not demurrable. The question of the admission or rejection of evidence in support of the claim must be ruled upon on the trial of the case. This view was expressed by Carpenter, J., in Johannsen et ux. v. Stump et al., 72 Pitts. L. J. 988, and we think is sound.

After considering the matter, we are convinced that where the procedure is under the Joint Suit Act of 1923, referred to above, the question of law should not be raised under section twenty of the Practice Act, but the whole matter should be determined in accordance with the procedure prescribed in the said Joint Suit Act of 1923. This is especially true where a statement is filed which sets forth a cause of action, as was done in this case, though the claim for damages is improperly set forth.

Since writing the above, we find that the same conclusion was reached by Stewart, President Judge of Northampton County, in the case of Porter v. Quig Motor Car Co. et al., 6 D. & C. 91.

Following our conclusions above, we decide the questions of law against the defendants, and permit them to file supplemental affidavits of defense to the averments of fact in the statement within fifteen days from the filing of this opinion.                    From George Ross Eshleman, Lancaster, Pa.