## John *v.* Philadelphia, Appellant.

*Negligence—Joint tort feasors—Street railway—Municipalities.*

In an action brought jointly against a city and a street railway company to recover damages for personal injuries caused by a defect in a street, where the statement avers not merely the common neglect of a common duty, but a neglect by the city of the duty imposed upon it, and a nonsuit is entered in favor of the street railway company and the case proceeds to trial and judgment against the city, and it appears that no motion was

made either by the plaintiff or the city to set aside the nonsuit entered in favor of the street railway, the judgment against the city will not be reversed.

Argued Oct. 22, 1901. Appeal, No. 273, Oct. T., 1900, by defendant, from judgment of C. P. No. 1, Phila. Co., Dec. T., 1899, No. 691, on verdict for plaintiff in case of Janette S. John v. Philadelphia, Appellant, and Union Traction Company. Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before BRÉGY, J.

At the trial it appeared that the plaintiff was injured on December 1, 1899, by stepping into a hole in the asphalt pavement opposite to Broad street station in the city of Philadelphia.

The court entered a nonsuit in favor of the Union Traction Company, and the case was tried on its merits and resulted in a verdict for plaintiff for $1,000. The city of Philadelphia appealed.

*Errors assigned* were (1) in entering judgment of nonsuit against the plaintiff and in favor of the Union Traction Company codefendant, and charged a joint tort feasor. (2) Dismissing the motion of the defendant to take off the judgment of nonsuit entered in favor of the Union Traction Company, codefendant, and charged as joint tort feasor. (3) In not entering judgment of nonsuit in favor of the city of Philadelphia, codefendant, it being charged as a joint tort feasor with the said defendant, the Union Traction Company. (4) In refusing to affirm the point of the city of Philadelphia, codefendant, " that under all the evidence in this case, your verdict should be for the city of Philadelphia, defendant."

*Howard A. Davis*, with him *Samuel Chew* and *John L. Kinsey*, for appellant.—The action being against two joint tort feasors, it falls if the tort was not due to the joint act of both defendants. The court cannot relieve one of the defendants by entering a nonsuit: Gates v. Penna. R. R. Co., 155 Pa. 50 ; Laverty v. Vanarsdale, 65 Pa. 507 ; Collins v. Cronin,

117 Pa. 35; Rundell v. Kalbfus, 125 Pa. 123; Klauder v. Mc-Grath, 35 Pa. 128.

Actions against the city and property owner to recover damages for injuries sustained due to defective sidewalks, are analogous to the case at bar: Dutton v. Lansdowne Borough, 198 Pa. 563; Rahenkamp v. United Traction Co., 14 Pa. Superior Ct. 635; Mintzer v. Hogg, 192 Pa. 137.

*Fred. Taylor Pusey,* for appellee.—It is certainly fair to argue in the present case that it was the common duty, so far as the public were concerned, for these two defendants to keep this street in repair, and that their concurrent negligence in permitting it to be out of repair was the single act which caused injury to the plaintiff herein: Consolidated Ice Machine Company et al. v. Keifer, 134 Ill. 481.

Assuming, then, that the defendants here were properly declared against as joint tort feasors, and the evidence tended to support this allegation, a mere failure of evidence necessary to hold one defendant would not relieve the other, and a discontinuance or nonsuit could be properly entered as to that one: Durkin v. Kingston Coal Co., 171 Pa. 193; Turton v. Powelton Electric Co., 185 Pa. 406; Rahenkamp v. United Traction Co., 14 Pa. Superior Ct. 635; McLaughlin v. Phila. Traction Co., 175 Pa. 565.

Assuming the defendants to have been properly joined as codefendants, the argument fails that the case should have gone to the jury as to the traction company, because it was liable, too, because an injured party is not precluded from recovery against one tort feasor because others have borne a share in it: Rahenkamp v. United Traction Co. et al., 14 Pa. Superior Ct. 635; North Penna. Railway Co. v. Mahoney, 57 Pa. 187; Oakland Ry. Co. v. Fielding, 48 Pa. 320; Faust v. Phila., etc., Ry. Co., 191 Pa. 420; Troubat & Haly's Prac. sec. 1677; Gates v. Penna. R. R. Co., 150 Pa. 50; Phila. v. Weller, 4 Brewster, 24.

But if it should be deemed that the codefendants herein are not, strictly speaking, joint tort feasors, yet this case is not ruled by Dutton v. Lansdowne Boro., 198 Pa. 563, and Wiest v. Electric Traction Co., 200 Pa. 148, because in those cases where it was decided that the defendants were not joint tort

feasors, the case had been permitted to go to the jury as to all the defendants, and a verdict rendered in favor of one and against the other in each case.

The entry of a nonsuit as to the traction company had not the effect of a verdict, but was in effect a nol. pros. or discontinuance as to that defendant.

The case having been tried on its merits, and having been proceeded with and gone to the jury, as against the city alone, and a just and correct result obtained, why should not the record be amended, if necessary, nunc pro tunc, in this court, by striking out the name of the traction company as a defendant? Beringer v. Meanor, 85 Pa. 223 ; Barnhill v. Haigh, 53 Pa. 165 ; Hoskinson v. Eliott, 62 Pa. 393 ; Schoenberger v. Hackman, 37 Pa. 87 ; Neel's Admr. v. Neel, 59 Pa. 347 ; Morris v. McNamee, 17 Pa. 173 ; Miller v. Weeks, 22 Pa. 89 ; C. & C. Electric Co. v. St. Clair, 182 Pa. 275 ; Shaffer v. Eichert, 132 Pa. 285 ; Gotshall v. Langdon, 16 Pa. Superior Ct. 158.

*Thomas Leaming*, with him *Russell Duane*, for Union Traction Company.

OPINION BY RICE, P. J., February 14, 1902 :

This was an action of trespass brought against the city of Philadelphia and the Union Traction Company to recover damages for personal injuries sustained by the plaintiff in consequence of stepping into a hole ; which, it was alleged, was negligently allowed to be and remain in the pavement at a street crossing. To be more specific, the plaintiff alleged in her statement of claim : that it was the duty of the city to maintain or cause to be maintained in good and safe condition, order and repair, the streets and crossings of its several highways ; that by ordinance duly passed by its councils the city imposed upon the Union Traction Company the duty of keeping certain highways, among them the highway in question, in good repair, " under certain conditions, which ordinance was agreed to and accepted by said Union Traction Company ; " that the defendants, neglecting and omitting their duty as aforesaid, permitted a dangerous hole or rut to be and remain in the asphalt pavement in the line of crossing from the west side of city hall to

the Broad street station; that said crossing was in a very busy and much traveled portion of the city; that notwithstanding this fact the defendants had "permitted said hole to be and remain in said crossing unguarded and unprotected and in a condition likely to cause accident to pedestrians" for a long time prior to the date of the accident, "although the officers of said city and the servants and employees of said Union Traction Company having charge of said street repair work in that district had knowledge and notice of that fact and of the existence of said hole;" and that the plaintiff, while using the crossing, suddenly, unexpectedly and without any negligence on her part, stepped into the hole and was thrown violently to the street and injured.

The defendants severally pleaded not guilty and the case went to trial upon the issues thus raised. At the conclusion of the plaintiff's evidence, each of the defendants moved for a nonsuit, which was granted as to the Union Traction Company and refused as to the city. The trial then proceeded as if the action had been brought against the city alone, and at the conclusion of the evidence introduced by the city, was submitted to the jury upon that theory. The trial resulted in a verdict in favor of the plaintiff, and after judgment thereon the city took this appeal.

No exception was taken by the city to the entry of the judgment of nonsuit in favor of the Union Traction Company, or to the refusal of the city's motion for a nonsuit, and as to the latter it is clear that none could have been taken. Nor does it appear by the record as printed in the appellant's paper-book that a motion was made, either by the plaintiff or the city, to set aside the nonsuit entered in favor of the Union Traction Company, that the motion was refused, and that an exception was taken to that ruling. We therefore overrule the first three specifications of error.

The matter assigned for error in the fourth specification is the refusal of the court to affirm the point: "Under all the evidence in this case your verdict should be for the city of Philadelphia, defendant." It is not argued in support of this assignment that there was not sufficient evidence of the city's negligence to warrant submission of the case to the jury, nor that it was the duty of the court to take the case from the jury

on the ground of the plaintiff's contributory negligence. Both of these questions having been settled by the verdict of the jury, the sole question we are required to consider is as to the effect of the joinder of the Union Traction Company upon the plaintiff's right to recover. In the recent case of Wiest v. Electric Traction Company, 200 Pa. 148, Mr. Justice POTTER, speaking for the Supreme Court, said: " It is not necessary to sue all the parties guilty of committing a tort; for joint wrong-doers are liable jointly and severally, and where a joint suit is brought against a number of defendants, if the evidence shows that one of the parties was not connected with the tort, a verdict or a nonsuit as to him, is proper. A joint verdict may then be rendered against such of the defendants as are jointly liable. But, if no concert of action is shown, and, therefore, no joint tort, and the case is one of separate tort or torts, upon the part of one or of several defendants, the action is not sustained, and there should be no verdict against any one. In a suit for a joint tort there should be no recovery upon proof of one or more separate torts. When a joint tort is charged, a joint tort must be proved, in order to sustain the action. The allegation and the proof must agree in cases of torts, as in other cases." It was also held that the effect of a misjoinder could not be cured by taking a verdict against one defendant only, although it was conceded that authority seeming to support the contrary view was not lacking. See also Dutton v. Lansdowne Borough, 198 Pa. 563. It is supposed that these two cases control the case at bar. We cannot concur in that conclusion. The question here presented did not arise in them. There the cases went to the jury without any attempt to cure the mistake by amendment, discontinuance or nolle prosequi. Here the statement of claim averred not merely the common neglect of a common duty but a neglect by the city of the duty imposed upon it, in short a several liability, and before the city was called upon to put in its defense a nonsuit was entered as to its codefendant. Practically, this left the case in the same situation, so far as the city was concerned, as if the plaintiff, with leave of the court, had amended by discontinuing the action as to the Union Traction Company. We suppose it will not be questioned that this may be done, whether the improper joinder of parties arose from a mistake of law or

fact. The numerous authorities cited in the appellee's brief show that it may be, and it is so expressly declared in Dutton v. Lansdowne, supra. We think that after a fair trial on the merits the objection that the same result was reached by a different mode ought not to be ground for reversal.

Judgment affirmed.