## Dempsey *v.* Devers, Appellant.

*Negligence—Mines and mining—Joint tort feasors—Pleading.*

1. Where a plaintiff in an action of trespass to recover damages for negligence declares for a joint tort, and the evidence shows no joint action by defendants, a verdict and judgment against one defendant for a separate tort will not be permitted to stand.

2. Where a coal miner brings an action of trespass to recover damages for personal injuries against his employer, a coal company, and several individuals, including a mine foreman, who, however, is not named or described as such, and the statement of claim charges a joint tort in failing properly to ventilate the mine, and nonsuits are entered in favor of all of the individual defendants, except the mine foreman, and a verdict is rendered in favor of the coal company by direction of the court, and the plaintiff makes no amendment of his statement, but proceeds with the case and secures a verdict and judgment against the mine foreman named merely as an individual, such verdict and judgment will be set aside by the appellate court.

VOL. XLIII—13

Argued Dec. 8, 1909.  Appeal, No. 105, Oct. T., 1909, by defendant, from judgment of C. P. Schuylkill Co., May T., 1906, No. 288, on verdict for plaintiff in case of Edward Dempsey v. Patrick Devers.  Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD, BEAVER and PORTER, JJ.  Reversed.

Trespass to recover damages for personal injuries. Before BECHTEL, J.

The facts are stated in the opinion of the Superior Court.

The court refused binding instructions for defendant.

Verdict and judgment for plaintiff for $1,400.  Defendant appealed.

*Error assigned* among others was in refusing binding instructions for defendant.

*B. W. Cumming, Jr.*, and *Jno. F. Whalen,* for appellant.—In a suit for a joint tort there should be no recovery upon proof of one or more separate torts: John v. Philadelphia, 19 Pa. Superior Ct. 277; Shaughnessy v. Pittsburg, 20 Pa. Superior Ct. 609; Wiest v. Traction Co., 200 Pa. 148; Goodman v. Coal Twp., 206 Pa. 621; Minnich v. Electric Ry. Co., 203 Pa. 632.

*Frank G. Brumm* and *James B. Reilly* for appellee.

OPINION BY MORRISON, J., July 20, 1910:

This is an action to recover damages for injuries sustained by an explosion of gas in an anthracite coal mine. The suit was brought against The Buck Run Coal Company, James B. Neal, S. B. Thorn, Wm. Wilson, Patrick Devers, Nicholas Kurren and John O'Brien.  Judgment of nonsuit was entered in favor of all of the defendants, except The Buck Run Coal Company and Patrick Devers and the court directed a verdict in favor of The Buck Run Coal Company and submitted the case to the jury as to

Patrick Devers alone, and the jury returned a verdict against him for $1,400. He took an appeal to the Superior Court and the plaintiff took an appeal to the Supreme Court alleging for error the action of the court in entering judgment of nonsuit as to one of the defendants and in directing a verdict in favor of The Buck Run Coal Company. On March 28, 1910, Mr. Justice MESTREZAT, speaking for the Supreme Court, filed an opinion affirming the action of the court below in entering the nonsuit and in directing a verdict in favor of the coal company. That decision settles the law that the plaintiff failed to sustain his averment that The Buck Run Coal Company and the other defendants were joint tort feasors and it appears to settle the question that the plaintiff was not entitled to recover, unless it might be against Patrick Devers, the mine foreman. But the question of his liability was not before the Supreme Court and of course the decision does not determine whether or not the verdict and judgment against him can be sustained. The view we take of this case leads us to quote in this opinion the plaintiff's entire declaration. Attention is here called to the fact that the plaintiff's counsel did not, in the court below, nor in this court, offer to amend their declaration, nor did they take a voluntary nonsuit as to any of the defendants, nor did they discontinue their action as to any of them. On the contrary, they insisted throughout the trial that they had a right to recover against at least three of the defendants as joint tort feasors, and they not only excepted to the action of the court in entering nonsuit as to one of the defendants, but also excepted to the direction of a verdict in favor of The Buck Run Coal Company. We here quote the plaintiff's declaration:

"This action is brought to recover damages from the defendant company, a corporation duly incorporated under the laws of Pennsylvania, engaged in the business of mining and shipping coal in the County aforesaid, and James B. Neal, S. B. Thorn, William Wilson, Patrick Devers, Nicholas Kurren and John O'Brien, inter alia,

for injuries to the person of the said Edward Dempsey, and for the consequent expenses incurred thereby by him, and the loss of time and permanent injury and disfiguration of his person.   The said Edward Dempsey on or about the eleventh day of November, A. D. 1905, being employed by the said Buck Run Coal Company at the colliery of said Company, in the Township of Foster, County aforesaid, while working as such employee as a miner, was injured by an explosion of gas or black damp which had accumulated in said mine by reason of improper appliances and by failure of said defendants to place proper brattices to prevent gas from entering the place at which said Dempsey was working.

That said Dempsey and others had been told by said defendants to work in said place with a naked lamp, as there was no danger of gas or black damp, but by reason of want of proper ventilation and failure to drive proper headings and air courses, an explosion occurred by which said Dempsey, plaintiff, was severely burned and injured as aforesaid.   That the said defendants undertook to keep the said breast, gangways and chutes clear of dangerous gases.   Nevertheless, the said defendant company, James B. Neal, S. B. Thorn, William Wilson, Patrick Devers, Nicholas Kurren and John O'Brien, carelessly and negligently and in violation of the act of assembly of Pennsylvania, operated said mine.   In consequence of which the explosion of gas occurred, and the said Dempsey was then and there severely burned and violently thrown to the ground, and was bruised and contused and seriously injured internally by reason of which he suffers and continues to suffer great pain and inconvenience, as well as great nervous prostration and other injuries, and will in all probability continue so to suffer and be disfigured during the remainder of his life.

"All of which, besides being otherwise subjected to loss and injury, being to the damage of the said plaintiff in the sum of Ten Thousand Dollars ($10,000), to recover which from said defendants he brings this suit."

It will be noted that this declaration does not mention Patrick Devers as the mine foreman, nor does it charge him with any separate or individual tort. He is simply charged as an individual jointly with all of the other defendants in committing certain alleged torts. Nowhere in the declaration is it alleged that any duty or obligation rested upon him not common to the other defendants, nor is he charged with any act of omission or commission, except jointly with the other defendants.

Now the Supreme Court having determined that there could be no recovery against The Buck Run Coal Company, Patrick Devers and another of the defendants jointly, one of the important questions arising in the present appeal is, Can the verdict and judgment against Patrick Devers be sustained on the pleadings and evidence in the present case?

In view of the fact that Devers was only charged in the declaration with the other defendants, we think that the defendant's ninth point (third assignment) sufficiently raised the question of the defendant's liability under the pleadings. That point was "Under all the evidence in the case the verdict must be in favor of the defendant."

In Wiest v. Traction Co., 200 Pa. 148, in an opinion by Mr. Justice POTTER, the Supreme Court held: "We are of opinion that, where a plaintiff in an action of trespass to recover damages for negligence, declares for a joint tort, and the evidence shows no joint action by defendants, a verdict and judgment against one defendant for a separate tort should not be permitted." In that case the court instructed the jury that there could be no verdict against one of the defendants and submitted to the jury the question of the liability of the other defendant and there was a verdict and judgment against the latter which was reversed and a venire facias de novo awarded.

The same question again came before the Supreme Court in Rowland v. Philadelphia, 202 Pa. 50. In that case the action was brought against the city of Phila-

delphia and two separate contractors, as joint tort feasors, yet the evidence did not show concert of action, nor was there any attempt upon the trial to prove that the act complained of was the joint act of the defendants. The plaintiff took a judgment of voluntary nonsuit which was entered as to the two contractors, and the action proceeded in against the city alone. No exception was taken upon the part of the city to proceeding with the case against itself alone after the entry of the judgment of nonsuit against the contractors; the question was raised apparently for the first time in the case at the argument in the Supreme Court. There was a verdict and judgment against the city and it was sustained by the Supreme Court in an opinion by Mr. Justice POTTER in which we find the following: "In the present case, however, no objection was made in the court below, to the course there pursued. The appellant took the chance of the verdict, without any exception to the trial proceeding against it as the sole remaining defendant, after the entry of judgment of nonsuit, in favor of its codefendants. By so doing, it must be held to have waived its right to raise the question, and we cannot now consider it here." But in that case Mr. Justice POTTER clearly pointed out that the plaintiff ought to have amended the declaration and that such amendment would carry with it the right of the defendant to plead surprise; and should fairly entitle him to the benefit of a continuance. We take it that the fact that the plaintiff took a voluntary nonsuit as to the other defendants, and did not except to the case proceeding against the remaining defendant, was the precise ground on which the judgment was affirmed. By taking a voluntary nonsuit the plaintiff, in plain terms, notified the city that the action would thereafter be carried on against the city alone. This, under the circumstances, was so near the equivalent of an amendment to the declaration that the Supreme Court declined to reverse the judgment.

The opinion in the above case was filed March 3, 1902.

Now in this connection we refer to Shaughnessy v. Pittsburg, 20 Pa. Superior Ct. 609, where the opinion was filed by Judge Rice July 10, 1902. In that case a joint tort was declared against the city of Pittsburg and two other alleged tort feasors, but the evidence was not sufficient to sustain joint action by the defendants and the court below held that it was proper to direct a verdict in favor of the defendants, as to whom there was a failure of proof; and to permit a recovery against the other defendant as if he had been sued separately. But in his opinion, Judge Rice said: " It is due to him to say that the case was tried and the question decided before the decision in the case of Wiest v. Electric Traction Co., 200 Pa. 148, was rendered. That case does not recognize the distinction made in this case. The rule as there stated is, ' that, when a plaintiff in an action of trespass to recover damages for negligence, declares for a joint tort, and the evidence shows no joint action by the defendants, a verdict and judgment against one defendant for a separate tort should not be permitted.' It is conceded, however, that the mistake in bringing a joint action may be cured by proper amendment: Rowland v. Philadelphia, 202 Pa. 50; John v. Philadelphia, 19 Pa. Superior Ct. 277; Dutton v. Lansdowne Borough, 198 Pa. 563, 567. But it is not one of those mere technical or clerical errors which may be corrected here. The judgment in favor of the plaintiff against the city of Pittsburg is reversed and a venire facias de novo, as to said parties, awarded."

Now that case and the action of the court therein and the action of the court below in the present case as to The Buck Run Coal Company, do not differ at all. In both cases the court directed a verdict for some of the defendants and submitted the case to the jury as to one.

But it is thought that the case of John v. Philadelphia, 19 Pa. Superior Ct. 277, will sustain the court below in the present case, but when it is rightly understood we think otherwise. In the John case an action was brought jointly against the city of Philadelphia and the Union

Traction Company, and the evidence failed to sustain a joint tort and a nonsuit was granted as to the traction company, and the case proceeded with against the city and resulted in a verdict and judgment for the plaintiff. In the opinion of the court, by RICE, P. J., affirming the judgment, we find the following: "In a suit for a joint tort there should be no recovery upon proof of one or more separate torts. When a joint tort is charged, a joint tort must be proved, in order to sustain the action. The allegation and proof must agree in cases of torts, as in other cases. . . . Here the statement of claim averred not merely the common neglect of a common duty but a neglect by the city of the duty imposed upon it, in short, a several liability, and before the city was called upon to put in its defense a nonsuit was entered as to its codefendants. Practically, this left the case in the same situation, as far as the city was concerned, as if the plaintiff, with leave of the court, had amended by discontinuing the action as to the Union Traction Company."

It is apparent in that case that the entry of a nonsuit as to the traction company had not the effect of a verdict, but was in effect a discontinuance as to that defendant. We think it clear that that case goes on the theory that there was practically an amendment, and if the city had desired it to be put in form and filed, it should have objected at the time to proceeding with the trial on the ground that no amendment in fact had been made.

In Minnich v. Electric Ry. Co., 203 Pa. 632, there was an action of trespass against three defendants as joint tort feasors. The evidence sustained the action as to two of the defendants, but not as to the other one. The court below granted a compulsory nonsuit, but the Supreme Court reversed this judgment for the reason that a joint tort was made out against two, and therefore a nonsuit might have been entered or a peremptory direction given to the jury as to the one defendant, and case submitted as to the other two. But in that case Mr. Justice FELL was careful to say, in referring to former cases:

"The point decided in these three cases was that where a joint tort is alleged, it must be proved, and that if the proof is only of a tort by one defendant or of separate torts by different defendants, the action cannot be sustained against any of them. In such cases the plaintiff may amend his declaration and proceed against the party liable under the proofs adduced, subject to the defendant's right to a continuance, as has been pointed out in the recent case of Rowland v. Philadelphia, 202 Pa. 50."

In the still later case of Goodman v. Coal Township, 206 Pa. 621, an action of trespass was brought against several defendants as joint tort feasors, and the Supreme Court, speaking by Mr. Justice POTTER, in reversing the court below, said: "If no concert of action is shown, and therefore no joint tort, and the case is one of separate tort or torts, upon the part of one or of several defendants, the action is not sustained, and there should be no verdict against anyone. In a suit for a joint tort there should be no recovery upon proof of one or more separate torts. When a joint tort is charged, a joint tort must be proved, in order to sustain the action. The allegation and the proof must agree in cases of tort, as in other cases."

We find no case in the books where two or more defendants were sued in trespass and charged with joint tort or torts and they were all eliminated from the record by nonsuits and peremptory verdicts but one, that he could be proceeded against without a proper amendment of the declaration or such action as amounted practically to an amendment. In the present case, the plaintiff's counsel never amended their declaration nor consented to anything which practically amended it, nor did they give notice at any time that they intended to proceed against Patrick Devers personally. We do not think he had a fair trial under the present declaration. A large mass of testimony was admitted against him and his codefendants, and as he was not declared against as the mine foreman, he had a right to expect that no verdict could go

against him unless it also went against the alleged joint tort feasors. We therefore sustain the ninth specification of error.

All of the other specifications of error are overruled, and on the ninth specification the judgment is reversed and a venire facias de novo awarded.