## Edward J. Mentel *v.* Isaac Hippely, Appellant.

*Malicious prosecution—Advice of magistrate—Evidence.*

In an action to recover damages for an alleged malicious prosecution for larceny, an offer to show that, after a statement made by the plaintiff to the magistrate of the occurrences upon which the charge of larceny was based, the officer took the information and issued the warrant, does not go to the extent of showing that the prosecution was commenced under the advice of the magistrate. Such an offer is not helped by an explanation of what was intended to be shown by it.

Not decided whether, in an action for malicious prosecution, it is competent to prove, as tending to rebut the presumption of malice, that the prosecution was instituted by the advice of a magistrate, sought in good faith before the commencement of proceedings, and given and acted upon after a full and frank disclosure of all the facts.

A suit for malicious prosecution may be instituted after a hearing and discharge by a committing magistrate.

Argued Nov. 1, 1894. Appeal, No. 226, Oct. T., 1894, by defendant, from judgment of C. P. No. 3, Allegheny Co., Feb. T., 1893, No. 10, on verdict for plaintiff. Before GREEN, WILLIAMS, MITCHELL, DEAN and FELL, JJ. Affirmed.

Trespass for malicious prosecution. Before McCLUNG, J.

Plaintiff, after proof of signature, offered the information in evidence.

When defendant was on the stand he was asked: "Now,

Mr. Hippely, when you went down to Alderman McKelvey, I wish you would state whether you made a statement of the matter with respect to the taking of this keeper or lock from the door of the water closet and how the matter arose and all the matters connected therewith to the alderman before the information was made, and state further whether after such statement was made by you he took this information." Objected to as incompetent and irrelevant. By Mr. Fitzsimmons : This question is for the purpose of showing that there was no malice, but that the defendant laid all these matters with respect to the taking of this keeper or lock from the door of the water closet before the alderman, before he took the information and was advised to make that information. Objection sustained and exception.

" Q. You are the defendant, I believe, in this action? A. Yes, sir. Q. I wish you would look at that paper and see if that is your signature to that information ? A. That is my signature." Objected to, there being no averment in the declaration that the proceeding is at an end, as is required in cases of this character; the only allegation being that on the 3d day of September, 1892, after hearing allegations under oath on the part of said defendant, said alderman announced that said Isaac Hippely had no cause of action against said Edward J. Mentel, and then and there discharged and released said Edward J. Mentel from arrest. Objection overruled and exception. [2]

Verdict for plaintiff for $500. Defendant moved for an arrest of judgment for the following reasons :

" 1. The declaration or statement does not contain the averment that the proceedings before the alderman were fully ended and determined before suit was brought in this case. No judgment can be sustained on this record.

" 2. The probata does not agree with the allegata."

The court entered judgment on the verdict. Defendant appealed.

*Errors assigned* among others were, (1, 2) rulings on evidence, quoting bills of exception; (4) in overruling the first reason for arrest of judgment, quoting it; (5) in permitting a verdict to be recovered under the proof and statement in the case.

*James Fitzsimmons*, for appellant, cited : Bernar v. Dunlap, 94 Pa. 229 ; Brobst v. Ruff, 100 Pa. 91; Spears v. Cross, 7 Port. 439; Selwyn's Nisi Prius, 1073 ; Stephens, Mal. Pros. p. 99 and notes ; Emerson v. Cochran, 111 Pa. 619; Morgan v. Hughes, 2 T. R. 231; s. c., 2 D. & E. 225 ; 2 Saunders, Pl. & Ev., p. 190; Smith v. Shackelford, 1 N. & M. 36 ; Teague v. Wilks, 3 McCord, (S. C. Eq.) 461; 1 Brewst. Pr. 329; Kirkpatrick v. Kirkpatrick, 39 Pa. 288.

*T. Walter Day, D. F. Patterson* with him, for appellee : Zebley v. Storey, 117 Pa. 478; Tammany v. Barhight, 158 Pa. 545 ; Beihofer v. Loeffert, 159 Pa. 374; Murphy v. Moore, 11 Atl. R. 665 and note ; Hill v. Egan, 160 Pa. 119 ; Weinberger v. Shelly, 6 W. & S: 343 ; Graham v. Noble, 13 S. & R. 233 ; Brobst v. Ruff, 100 Pa. 91.

OPINION BY MR. JUSTICE FELL, Jan. 7, 1895 :

The offer of testimony, the rejection of which is the subject of the first assignment of error, went only to show that, after a statement made by the plaintiff to the magistrate of the occurrences upon which the charge of larceny was based, that officer took the information and issued the warrant. It did not go to the extent of showing that the prosecution was commenced under the advice of the magistrate, and it was not helped by the statement of what was intended to be shown by it. An offer of testimony may be explained, but it cannot be enlarged by a statement of its purpose. It must stand or fall as made. The assignment therefore does not raise the question whether in an action for malicious prosecution it is competent to prove, as tending to rebut the presumption of malice, that the prosecution was instituted by the advice of a magistrate sought in good faith before the commencement of proceedings and given and acted upon after a full and frank disclosure of all the facts, and it is unnecessary now to consider it.

The fourth assignment is based upon the alleged insufficiency of the statement of the cause of action in that it " does not contain the averment that the proceedings before the alderman were fully ended and determined before the suit was brought." It is set out in the statement that the alderman, after hearing, announced that the charge of larceny was not sustained, and

that the plaintiff was publicly discharged from arrest. This averment we think sufficient to sustain the action. The discharge was the end of the prosecution as far as the defendant was concerned, and practically it was its end to all intents and purposes. The prosecution might be renewed, but this is true in the case where a bill of indictment has been ignored, or where the discharge has been made by a judge after a hearing under a writ of habeas corpus. There are many cases in our reports founded upon prosecutions which ended by the ignoring of the indictments, and it was distinctly held in Zebly v. Storey, 117 Pa. 478, that the discharge of the plaintiff upon a writ of habeas corpus was such a final determination of the prosecution against him as would entitle him to maintain an action for malicious prosecution. It was said in that case, after quoting the ruling upon the question by Judge BELL at nisi prius, reported in Charles v. Abell, Brightly, 131: " The practice of commencing suit for malicious prosecution after a hearing and discharge by a committing magistrate appears to have passed unchallenged in this state."

The judgment is affirmed.