## COOK v. PROSKEY.

(Circuit Court of Appeals, Second Circuit. April 12, 1905.)

No. 146.

1. MALICIOUS PROSECUTION—IDENTITY OF PROSECUTOR—EVIDENCE.

In an action for malicious prosecution, evidence *held* sufficient to warrant a finding that defendant was the prosecutor in a criminal proceeding against plaintiff for withholding property knowing the same to have been stolen, in violation of New York Pen. Code, § 550, that such proceedings resulted in plaintiff's arrest and indictment, and were terminated by a dismissal of such indictment.

2. SAME—MALICE—PRESUMPTIONS.

Where a prosecution was instituted by defendant applying to a magistrate for a summons, and defendant participated therein by making oath to the complaint, by employing counsel to conduct the hearing before the magistrate, and by appearing to "push the case," on a superseding indictment the jury was entitled to infer that the prosecution was malicious if without probable cause.

3. SAME—LEGAL ADVICE—DEFENSES.

Proof that defendant in a suit for malicious prosecution before beginning the same made a full and fair disclosure of the facts to a police magistrate, and acted in good faith on the magistrate's advice that it was defendant's duty to institute a criminal prosecution against plaintiff, was insufficient to rebut the inference of malice arising from want of probable cause, in the absence of evidence that the magistrate was an attorney learned in the law.

[Ed. Note.—For cases in point, see vol. 33, Cent. Dig. Malicious Prosecution, §§ 45, 46.]

4. SAME—EVIDENCE.

Where, in an action for malicious prosecution in which a superseding indictment had been found and dismissed, the evidence previously introduced when the first indictment was offered in evidence authorized the presumption that it had been procured at defendant's instance, and testimony indicating that he may not have been responsible for the charge alleged therein had not then been offered, the admission of such indictment was not error.

5. FEDERAL COURTS—APPEAL—VERDICT—EXCESSIVENESS.

An objection that a verdict is excessive, being within the discretion of the trial court on a motion for a new trial, will not be reviewed by the Circuit Court of Appeals.

In Error to the Circuit Court of the United States for the Southern District of New York.

Writ of error by the defendant in the court below to review a judgment for the plaintiff entered upon the verdict of a jury in an action for malicious prosecution.

J. L. Ward, for plaintiff in error.

A. I. Elkus, for defendant in error.

Before WALLACE, LACOMBE, and COXE, Circuit Judges.

WALLACE, Circuit Judge. Error is assigned of the ruling of the trial judge in refusing to direct a verdict for the defendant. The grounds upon which the defendant asked that a verdict be directed in his favor were that the evidence failed to show (1) that the defendant had instituted any prosecution against the plaintiff

138 F.—18

for the crime of receiving stolen goods; (2) that any such proceeding had been instituted by the defendant without probable cause therefor; (3) that any such proceeding had been instituted by the defendant maliciously; (4) that the prosecution had terminated in favor of the plaintiff.

The evidence tended to establish the following facts: The plaintiff, a dealer in coins, curios, antiques, etc., and having a place of business on the corner of Fourteenth street and Broadway, New York City, had purchased during the year 1899, in the course of his business and at various times, several badges issued by the Order of the Loyal Legion to its members, and on the 21st of December of that year had three of them unsold in his possession. Upon that day the defendant, who was a member of the order, and who had heard that some of the badges were for sale by the plaintiff, called at the plaintiff's place of business to see the badges, accompanied by one Berkley, a detective officer, and was shown the badges by the plaintiff. Upon examining the badges the defendant saw one that he said belonged to him, and which he said he had recently discovered to be missing. In the conversation that ensued the defendant offered the plaintiff $3 for it. This offer the plaintiff refused, telling defendant, as was the fact, that he had paid $7 for it. The defendant and Berkley then went before Police Magistrate Mayo, told him the circumstances which had taken place, and asked him to issue a summons against the plaintiff. Berkley served the summons upon the plaintiff, and the plaintiff went with him before the magistrate. Magistrate Mayo, after hearing the plaintiff's statement, adjourned the proceeding for a further hearing before Magistrate Pool. January 8th the defendant made a sworn complaint before Magistrate Pool, charging the plaintiff with withholding the badge, and praying that he be apprehended and bound to answer. The complaint, in substance, alleged that the badge had been stolen from the defendant's office; that he subsequently, and on December 21st, saw it at the premises of the plaintiff, and then and there informed him that the badge had been stolen from him, and demanded the badge; and that the plaintiff refused to give the defendant the badge unless for the sum of $11, which sum the defendant refused to pay. Thereupon Magistrate Pool issued a warrant against the plaintiff, charging him with withholding the badge in violation of section 550 of the Penal Code. The plaintiff was arrested upon that warrant, and a preliminary examination ensued, in the course of which testimony was given by the defendant, by Berkley, and by the plaintiff, and which resulted in the plaintiff's being held by the magistrate for trial before the court of special sessions. The defendant employed counsel, who appeared for him and assisted in conducting the examination. The court of special sessions transferred the case to the court of general sessions. Thereafter the defendant was summoned to appear as a witness before the grand jury in that court, and appeared and gave testimony; and the grand jury found an indictment charging the plaintiff with feloniously receiving the badge well knowing the same to have been stolen. The plaintiff employed counsel, interposed

a plea of not guilty to the indictment, and endeavored to have a trial. After several adjournments of the case the district attorney concluded to obtain a "superseding indictment." Thereafter the defendant was again summoned as a witness before the grand jury, appeared, and gave testimony, and the grand jury found a new indictment against the plaintiff. This indictment contained several counts—one for feloniously receiving the badge knowing the same to have been stolen, and another for withholding the badge knowing the same to have been feloniously stolen, against the form of the statute in such case made and provided. Thereafter, and in January, 1901, the court of general sessions, after an examination of the indictment and the record containing the testimony taken upon the examination before Magistrate Pool, dismissed the indictment, and an order to that effect was duly entered.

Before the second indictment was found the defendant, in an interview with the plaintiff's counsel in the criminal case, and in response to an inquiry why he had not gone to trial with the other indictment, stated that he was "not willing to stand" for that indictment; that he did not believe and never had believed that the plaintiff had received the badge knowing it to have been stolen; that the former indictment had been so drawn as to make him allege that, and he was not going to swear to what he did not believe; that he had been advised that a charge could be made under the same section of the Code by which, if it could be shown that the plaintiff withheld the badge when he demanded it of him, and it could also be shown that the badge had been stolen from him, the plaintiff would be held criminally liable; and if that was so, he was going to push the case.

The defendant testified that he reluctantly yielded to the instructions of Magistrate Pool in making the complaint of January 8th; that he explained to the magistrate the circumstances relating to the theft of the badge and concerning his interview with the plaintiff at his place of business; that the magistrate read to him section 550 of the Penal Code, and advised him that a crime had been committed, and that he was in duty bound to make a complaint against the plaintiff; and that he accordingly made the complaint. He also testified that he read the part of the warrant reciting that the plaintiff had violated the provisions of section 550 of the Penal Code.

The evidence thus offered was sufficient to warrant the jury in finding that the defendant was the prosecutor in the criminal proceedings against the plaintiff for the offense defined by section 550 of the Penal Code, and that these proceedings resulted in the arrest of the plaintiff and his indictment, and were terminated by the dismissal of the indictment. Assuming that he was not responsible for so much of the prosecution as charged the plaintiff with receiving the badge originally knowing it to be stolen, and that the first indictment and some of the counts in the second did not represent any charge which the defendant had ever formulated, he cannot escape responsibility for the rest of the prosecution. He initiated it by applying for the summons to Magistrate Mayo; he par-

ticipated in it by signing and making oath to the complaint before Magistrate Pool, and by employing counsel to conduct the hearing before that magistrate; and he persisted in it after he learned that the first indictment was not one which he was willing to prosecute, and when he appeared to "push" the case upon the superseding indictment. If this prosecution was instituted without probable cause, the jury were at liberty to infer that it was malicious. It is entirely plain, therefore, that the first and third grounds assigned by the defendant as the basis of the request for a direction of a verdict in his favor were untenable. The only fairly disputable question which is presented by the ruling complained of is whether the trial judge should have taken the case from the jury because the evidence did not show that the prosecution was without probable cause. Section 550 of the Penal Code reads as follows:

"A person who buys or receives any stolen property * * * knowing the same to have been stolen, or who corruptly, for any money, property, reward, or promise or agreement for the same, conceals, withholds, or aids in concealing or withholding, any property knowing the same to have been stolen, * * * is guilty of criminally receiving such property, and is punishable," etc.

An essential element of an offense under this section is that the person charged with its violation shall have received the property knowing the same to have been stolen. Consequently, unless the defendant has probable cause to believe that the plaintiff received the badge with knowledge that it had been stolen, the prosecution from its inception was without probable cause. "Probable cause is a reasonable ground of suspicion, supported by circumstances sufficiently strong in themselves to warrant a cautious man in the belief that the person accused is guilty of the offence with which he is charged." Sanders v. Palmer, 55 Fed. 217, 5 C. C. A. 77, 14 U. S. App. 298. There was no evidence whatever to authorize the defendant to entertain a reasonable ground of suspicion that the plaintiff when he received the badge originally did so with guilty knowledge. So far as appeared, the plaintiff had purchased it in the usual course of business; it had been exposed by him freely for inspection and sale to his customers; and he had not made any incriminating statements about it. The evidence authorized the conclusion that the defendant instituted the criminal proceedings solely upon the circumstances that the badge had been found in the plaintiff's possession, and the plaintiff, after being informed in substance that it belonged to defendant and had been stolen, had refused to surrender it without being paid the price which he asked for it.

To rebut the inference of malice arising from the want of probable cause, it is competent for a defendant in an action for malicious prosecution to show that he acted bona fide, upon legal advice, in instituting the criminal proceeding, and this, being proved, defeats the action. In Stewart v. Sonneborn, 98 U. S. 187, 25 L. Ed. 116, such proof was treated as establishing probable cause; but it would seem more strictly correct to view it as disproving malice. In either view, the requisite proof was not made upon the trial, be-

cause it was not shown that Magistrate Pool was an attorney or counselor at law. The rule which protects a party from the consequences of instituting a criminal proceeding, when he does so after a full and fair disclosure and acting in good faith upon the advice of counsel, is limited to the cases in which the advice has been given by counsel learned in the law. In many adjudications it has been held that the advice of a justice of the peace is not within the rule. It is sufficient to refer to Olmstead v. Partridge, 82 Mass. 383; Stanton v. Hart, 27 Mich. 539; Straus v. Young, 36 Md. 246; Finn v. Frink, 84 Me. 261, 24 Atl. 851, 30 Am. St. Rep. 348. In Sutton v. McConnell, 46 Wis. 269, 50 N. W. 414, it was decided that the advice of a police justice was not a protection. In Monaghan v. Cox, 155 Mass. 487, 30 N. E. 467, 31 Am. St. Rep. 555, it was held that the advice of a magistrate, who was at the same time a counselor at law, was within the rule. See, also, Turner v. Dinnegar, 20 Hun (N. Y.) 467.

If the evidence had gone no further than to show that the defendant's only participation in the criminal proceeding had consisted in his going before the magistrate and laying before him fairly and truthfully the facts which had come to his knowledge, and that the magistrate had thereupon, in the exercise of his own judgment, issued the warrant, it would have been the duty of the trial judge to direct a verdict for the defendant. Cooper v. Booth, 3 Esp. 144; Wyatt v. White, 5 H. & N. 371; McNeely v. Driscoll, 2 Blackf. 259; Bennett v. Black, 1 Stew. (Ala.) 495. In Dennis v. Ryan, 65 N. Y. 385, 22 Am. Rep. 635, an action for malicious prosecution, the court said that if the defendant's statement to the district attorney and grand jury had been true, and an indictment had been found and prosecuted upon its truthful statement, the action could not have been maintained. In such case, the defendant would not have been guilty of any wrong. "The oppression of the plaintiff would have been attributable alone to the erroneous legal conclusions of the district attorney and grand jury." In Thaule v. Krekeler, 81 N. Y. 432, an action for malicious prosecution of the plaintiff for larceny, the court said:

"It thus appears that, while the charge of larceny is made in technical terms, the facts and circumstances on which it stands are stated, and if they are true this action cannot be maintained. The affiant is responsible for those statements, but not for the legal conclusion drawn therefrom, either by the police magistrate or the district attorney or grand jury."

The evidence upon the trial in respect to what took place when the sworn complaint was made and the warrant was issued by Magistrate Pool did not consist merely of the testimony of the defendant. If it had, the jury would have been at liberty to disregard it as the uncorroborated testimony of a party in interest, and the trial judge could not properly have taken the case from their consideration. But the sworn complaint made by the defendant shows that the statement for which he was responsible, and upon which the magistrate issued the warrant, was a truthful statement of the facts except in one immaterial particular. This statement did not assert that the plaintiff had received the badge with guilty knowl-

edge, and though it did assert that the plaintiff had refused to give up the badge unless for the sum of $11, when the fact may have been that the plaintiff merely refused an offer of $3, this did not alter the legal character of the charge. It is obvious that the charge in the complaint was that the plaintiff had withheld the badge and refused to deliver it after he had been informed by the defendant that it had been stolen from him. The warrant issued by the justice in stating the charge recited it as consisting merely in withholding the badge and refusing to return the same when demanded by the defendant. The magistrate seems to have been of the opinion that this constituted an offense within the meaning of section 550 of the Penal Code. It is not open to fair doubt that the defendant made and prosecuted the charge upon that theory, and probably, as he testifies, upon the advice of the magistrate. His statement made after the first indictment had been superseded is consistent with this theory. Nevertheless, as there had been no legal offense, and no probable cause on his part for believing that there had been, notwithstanding the advice of the magistrate, the fact could not avail the defendant, and the trial judge properly denied the request to direct a verdict.

It has not been argued upon this writ of error that the trial judge erred in ruling that the prosecution had terminated in favor of the plaintiff. The court of general sessions dismissed the indictment in pursuance of section 671 of the Code of Criminal Procedure, which provides that "the court may at any time upon its own motion, and in furtherance of justice, order an action after indictment to be dismissed." In dismissing the judge observed:

"A careful examination of the entire record and all the facts and circumstances of the case convinces me that upon a trial no jury could convict, and, further, that, even if a conviction were had, no court ought to or would punish the accused."

Obviously the dismissal was upon the merits.

The assignment of error based upon the admission of the first indictment in evidence by the trial judge is without merit. When it was offered and received the evidence which had been previously introduced authorized the presumption that it had been procured at the instance of the defendant, and the testimony indicating that he may not have been responsible for the charge alleged in it had not been introduced. Apparently it was one of the concomitants of the prosecution engendered by the defendant by which the plaintiff had been subjected to contumely and expense. Assuming that upon the evidence subsequently introduced the defendant could properly have insisted that he was not responsible for this indictment, he could have raised the point by asking that it be eliminated from the case, or an instruction be given to the jury that it was not to be considered by them in awarding damages. He did not do this, and, as the indictment was clearly admissible in evidence at the stage of the trial at which it was received, he cannot now well urge the point that he has been prejudiced by its reception.

With the amount of the recovery this court has nothing to do. If it was excessive, it was the province of the court below, upon the motion for a new trial, to set aside or reduce it in the discretion of the trial judge, and this court cannot review the decision of such a motion. Manhattan Oil Co. v. Lubricating Co., 113 Fed. 923, 51 C. C. A. 553. The case in some respects is a hard one for the defendant; but it is one in which the plaintiff was subjected to a grievous wrong, because the defendant made the serious error of resorting to a prosecution under the criminal laws to exact the restitution of his property instead of the remedy by a civil action.

The judgment is affirmed.