# Davis, Appellant, *v.* Wilhelm and Bonnett.

*Malicious prosecution—Want of probable cause—Burden of proof —Sufficiency of evidence—Municipal court—Trial without jury— Practice.*

In an action for malicious prosecution, tried by the municipal court without a jury, it is the duty of the court to find the facts and then declare the law properly applicable to the facts so found.

In an action for malicious prosecution, proof that a charge of larceny was brought by the defendant against the plaintiff, and the subsequent discharge of the plaintiff by the magistrate, constitutes a prima facie case, and the burden is upon the defendant to produce evidence of the existence of probable cause.

In such an action, the offer of the record before the magistrate would have been sufficient to shift the burden of proof, as to the existence of probable cause, or the want of it, from the plaintiff to the defendant.

An opinion filed by the court below, indicating that, notwithstanding any evidence offered in the case, the burden of proof as to probable cause had never shifted, constitutes reversible error and the judgment thereon will be reversed.

*Actions—Joint tort-feasors—Practice, C. P.*

To entitle the plaintiff to a verdict against two defendants, as joint tort-feasors, it must appear that they acted in concert in committing the tort complained of. If no concert of action is shown, and therefore no joint tort, and the case is one of separate tort upon the part of one or of several defendants, the action is not sustained, and there should be no verdict against any one. In a suit for a joint tort, there should be no recovery, upon proof of one or more separate torts. When a joint tort is charged, a joint tort must be proved in order to sustain the action.

Submitted October 25, 1920. Appeal, No. 104, Oct. T., 1920, by plaintiff, from judgment of Municipal Court of Philadelphia, Jan. T., 1919, No. 461, for defendants in the case tried by the court without a jury in suit of Hardy Davis v. Grace Wilhelm and C. E. Bonnett. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, TREXLER, KELLER and LINN, JJ. Reversed.

Trespass to recover damages for malicious prosecution and false imprisonment. Before CASSIDY, J., without a jury.

The facts are stated in the opinion of the Superior Court.

The court, without specifically finding any facts, found in favor of the defendant. Plaintiff appealed.

*Error assigned* was the opinion of the court finding in favor of the defendants.

*Walter N. Keating,* and with him *Crowther, Knight and Henry,* for appellant.—It was the duty of the court to file an opinion stating, in writing, separately and distinctly, the facts found and answers to any points submitted in writing by the counsel and the conclusions of law: Ellis v. Lane, 85 Pa. 265; Forman v. Hosler, 94 Pa. 418; Lewars v. Weaver, 121 Pa. 268; Com. v. Equitable Beneficial Association, 137 Pa. 412; Carpenter v. Yeadon Borough, 208 Pa. 396; Marr v. Marr, 103 Pa. 463; Sweigard v. Wilson, 106 Pa. 207; Harris v. Hay,

111 Pa. 564; Butterfield v. Lathrop, 71 Pa. 225; Insurance Co. v. Keifer, 9 Pa. Superior Ct. 186.

Proof that the plaintiff in the action for malicious prosecution has been discharged by the examining magistrate, in criminal proceedings, instituted against him by the defendant, is prima facie evidence of want of probable cause and is sufficient to shift the burden of proof to the defendant: Orr v. Seiler, 1 Penny 445; Smith v. Ege, 52 Pa. 419; Barheight v. Tamany, 158 Pa. 545; Beihofer v. Loeffert, 159 Pa. 374; Cooper v. Hart & Co., 147 Pa. 594; Mann v. Cowan, 8 Pa. Superior Ct. 30; Fry v. Wolf, 8 Pa. Superior Ct. 468; Grohmann v. Kirschman, 168 Pa. 189; Bernar v. Dunlap, 94 Pa. 329; Ritter v. Ewing, 174 Pa. 341.

*Henry W. Braude,* for appellee.

OPINION BY HEAD, J., April 18, 1921:

In this action of trespass the plaintiff sought to recover from two defendants damages for an alleged malicious prosecution. As the plaintiff chose to sue, in one action, two alleged joint tort-feasors, it was necessary to aver and prove, or offer evidence tending to prove, a joint tort. The reason for this well-established conclusion is thus stated by Mr. Justice POTTER, speaking for the Supreme Court, in Wiest v. Traction Company, 200 Pa. 148. "But if no concert of action is shown, and, therefore no joint tort, and the case is one of separate tort or torts upon the part of one or of several defendants, the action is not sustained, and there should be no verdict against any one. In a suit for a joint tort, there should be no recovery upon proof of one or more separate torts. When a joint tort is charged, a joint tort must be proved in order to sustain the action. The allegation and the proof must agree in cases of tort, as in other cases."

In order to make clear the view we take of this appeal, it becomes necessary to briefly state the history of the case as it appears from the record. Bonnett, one of the

defendants, was an officer in charge of some subsection of the administrative department of the United States Navy. He employed as his stenographer Grace Wilhelm, the other defendant. It was alleged by the latter that on a certain day she had placed her pocketbook containing $20, in some filing case in the office of Mr. Bonnett, which was also her place of business. It disappeared. She went before a magistrate and swore out a warrant charging the present plaintiff with the larceny of that pocketbook. He was arrested, detained in confinement for a period, brought before a magistrate for a hearing and there being no evidence then forthcoming to justify his detention, he was held for a further hearing upon a date fixed. On that day neither the prosecutrix nor any witness for the Commonwealth was present to substantiate the prosecution and the defendant was discharged by the magistrate. He thereupon brought this action against the person who swore out the warrant and her employer, Mr. Bonnett, to recover damages for what he claims to have been a malicious prosecution actually instituted by one defendant and alleged to have been brought about with the knowledge, consent and the active intervention of the other defendant.

When the case came on for trial in the municipal court, it was heard by the agreement of the parties, before a judge without a jury. After the evidence had been taken the docket entries show that on November 15, 1919, there was a finding or verdict for the defendants. At the conclusion of the trial there were presented to the trial judge a number of requests for findings of fact and law, none of which appear to have been answered. On the 7th of April, 1920, if we are correctly informed by the appellant's paper-book, there was filed what is called "A Memorandum Opinion" as of the date of November 15, 1919. Owing to the failure or refusal of the learned trial judge to affirmatively act upon the presented requests for findings of law and fact, and his failure in his opinion to specifically find any facts, we

are unable to know whether the conclusion reached by him was based upon a certain set of facts that might have been found under the evidence; or upon a misapplication of the law to a state of facts which might have been found under the evidence offered, if the witnesses were deemed credible. It is not easy to conceive of any well-known common law form of action, in which it is more important to have the facts either admitted or found by a proper tribunal, than in a case for malicious prosecution.

Where causes are tried before a judge of the court of common pleas by the consent of the parties, the Act of 1874 provides the procedure that should be and must be followed in order that the substantial rights of the parties may not be lost. It has long been the belief, I think, of almost every judge of this court with whom I have sat, since the creation of the municipal court, that where causes are tried before a judge without a jury, the substantial rights of parties litigant would best be preserved if the trial judge should proceed in the manner prescribed by the Act of 1874. But leaving aside for the moment any consideration of that statute, because we are not prepared to say it is binding on the judges of the municipal court, rule 16 of the rules which the municipal court has been authorized to make regulating the trial of causes in that court, provides, "The trial of causes at law without a jury shall, so far as practicable, be conducted as causes are now tried before juries," etc. The language of the rule we have just quoted is exactly that of section 3 of the Act of the 4th of June, 1915, P. L. 822. It is not now important to speculate as to the purpose of that statute. As it expressly declares in section 8 it was not the legislative intent to repeal the Act of 1874 already referred to in whole or in part, we need give it no further consideration. We take the rule as it stands. Now if it appears, from an examination of this record, that if the case had been tried before a judge and jury, the nature of the evidence presented would have necessarily

required the submission of one or more questions of fact to the jury under proper instructions, then it would be manifest that the plaintiff in this case has not had a trial which measures up to the standard guaranteed to every citizen of the Commonwealth when he takes his cause into a court of justice.

It is reasonably clear, we think, that the plaintiff made out a prima facie case, at least as against Grace Wilhelm, the prosecutrix in the criminal action from which his injury resulted. As already stated, the defendant in the criminal prosecution, and plaintiff in the present action, was discharged by the magistrate. That was the end of that prosecution. Such an end to a prosecution, instituted by a private individual, carries with it the prima facie inference that the prosecution was begun without probable cause. It is not at all a conclusive inference or presumption, but it is one sufficient to carry the case to a jury, in the absence of any satisfactory explanation. In Mentel v. Hippely, 165 Pa. 558, Mr. Justice FELL, speaking for the Supreme Court said, "The fourth assignment is based upon the alleged insufficiency of the statement of the cause of action, in that it 'Does not contain the averment that the proceedings before the alderman were fully ended and determined before the suit was brought.' It is set out in the statement that the alderman, after hearing, announced that the charge of larceny was not sustained, and that the plaintiff was publicly discharged from arrest. This averment we think sufficient to sustain the action. The discharge was the end of the prosecution as far as the defendant was concerned, and practically it was its end to all intents and purposes." The opinion then goes on to discuss the earlier case of Zebley v. Storey, 117 Pa. 478, and a still earlier ruling of Judge BELL at nisi prius to this effect, "The practice of commencing suit for malicious prosecution after a hearing and discharge by a committing magistrate appears to have passed unchallenged in this state." From a just application of the principle an-

nounced in these cases and from a consideration of the reasons on which that principle rests, it is clear that had the action been brought against Grace Wilhelm alone, the offer of the record before the magistrate would have been sufficient to shift the burden of proof, as to the existence of probable cause, or the want of it, from the shoulders of the present plaintiff to those of the defendant. Now the opinion filed by the learned court below strongly indicates, if it does not in terms assert, that notwithstanding any evidence offered in the case the burden of proof as to probable cause had never shifted. "In the opinion of the court from the case as presented, the burden of proving want of probable cause was on the plaintiff, and this in spite of the fact that plaintiff was discharged by the magistrate." No authority whatever is cited by the learned trial judge in support of that conclusion.

Having thus endeavored, as briefly as possible, to show that there was a prima facie case made out against one of the defendants which would have required a jury to pass upon the credibility of the witnesses, and to establish certain all important facts, we turn to the remaining proposition in the case. As we have already stated, it was necessary that the plaintiff should offer evidence of a joint tort, from which a jury under proper instructions could find that the remaining defendant had ordered, encouraged or assisted in bringing about the unfounded prosecution. It was not necessary that the plaintiff should establish a conspiracy between the defendants, in the ordinary acceptation of that term as defining a misdemeanor created by the statute. Having made out a prima facie case against one defendant, it was only necessary the plaintiff should prove by the preponderance of the evidence that, in swearing out the warrant against the present plaintiff, that defendant was aided, instigated, encouraged or directed to do the act complained of. That would be sufficient to establish his civil liability. If the testimony of the plaintiff and his

witness West be credible evidence, it would furnish ample warrant for the joinder of the defendant Bonnett with his codefendant Miss Wilhelm. Now in the state of the record, the learned judge below was the trier of the facts. It was within his power to disbelieve the evidence offered by the plaintiff just as a jury might have disbelieved it. If the questions of fact suggested had been submitted to a jury, under proper instructions, and the jury, declining to credit the plaintiff and his witness, had found for the defendants, the case would have been ended; but as the record is now before us, we see no other way to guarantee to the plaintiff the trial he is entitled to have, than to reverse the judgment and send the record back for a retrial of the facts, either before a jury, or—the parties having elected to try without a jury—before a trial judge who will find the facts and then declare the law properly applicable to the facts so found.

The judgment is reversed and a new trial is awarded.