# Hill *v.* American Stores Company, Inc., and Morrison, Appellants.

*Trespass—Personal injuries — Joint tort-feasors — Separate actions.*

In an action of trespass against two joint feasors, in order to hold them jointly liable, there must be some concert or concurrence of action in the trespass or negligence charged or some neglect of a joint duty resting upon them. For separate trespasses or separate acts tending to produce an injury there can be no joint recovery. As to positive acts of trespass or negligent acts of commission there must be a concert of action or common intent, or joint ownership or control of the instrumentality involved or concurring negligence producing the injury, and this concurrence of action must be such as to show a united negligent act or some community of fault; it does not arise where neither defendant has any participation in or control over the negligent act of the other.

As to negligent acts of omission there must be a neglect of a joint or common duty. If the duty resting upon the defendants was not joint or common but separate and distinct, and if the measure of responsibility is different, they cannot be joined in one action even though both were negligent.

Where the plaintiff was injured by the falling of a wall, alleged to be the result of alterations to a building, he cannot join as defendant in the same action the owner of the building and the lessee who made the alterations, where there was no concurrence of action between them, so far as the acts of commission were alleged, and no joint duty resting upon them so far as acts of omission constituted the alleged negligence.

Argued October 17, 1922. Appeal, No. 172, Oct. T., 1922, by defendants, from judgment of C. P. No. 4, Philadelphia County, March T., 1921, No. 7403, on verdict for plaintiff in the case of Joseph Hill v. American Stores Company, Inc., and Robert J. Morrison. Before PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Reversed.

Trespass to recover damages for personal injuries. Before McCULLEN, J.

338, (1923).] Statement of Facts—Opinion of the Court.

The facts are stated in the opinion of the Superior Court.

Verdict for plaintiff in the sum of $1,500 and judgment thereon. Defendants appealed.

*Errors assigned* were various ruling on evidence, the charge of the court and refusal of defendants' motion for judgment non obstante veredicto.

*Richard A. Smith,* and with him *Alexander Henry Carver,* for appellants.—Plaintiff had no joint right of action against the defendants: Wiest v. Electric Traction Co., 200 Pa. 148; Bard and Wenrich v. Yohn, 26 Pa. 482; Betcher v. McChesney, 255 Pa. 394; Hitchins v. Wilson, 68 Pa. Superior Ct. 369.

*Michael F. Donnelly,* for appellee, cited: O'Malley v. P. R. T., 248 Pa. 292; Bunting v. Hogsett, 139 Pa. 363.

OPINION BY KELLER, J., March 2, 1923:

This was an action in trespass for personal injuries.

Defendant, Morrison, was the owner of a four-story brick building. He rented the first-floor storeroom to the other defendant, American Stores Company. The other three floors he used as a lodging house. Plaintiff was one of his lodgers.

The Stores Company, on its own account, made some alterations to the fittings and fixtures of its storeroom. As a part of this work, its employees, one morning, started to remove some wooden shelving which was nailed to the west wall of the building. When about half done, the plaster began to come off the wall and the workmen, believing it unsafe to proceed, stopped work and notified the foreman in charge of the job of the wall's weakened condition. Morrison was sent for and looked at the wall, but nothing was done by anybody in the way of bracing or shoring it up and that night it fell, and the plaintiff was injured. An examination of

the stone foundation walls, made after the accident, showed them to be in good condition; the brick work above the foundation, while old, was plumb and straight, and its general condition was good, but it had been weakened by cutting openings for joists on the inside face of the brick wall, some years before, when the first floor had apparently been lowered and turned into a store-room. Plaintiff's theory was that the shelving had furnished some lateral support to the wall and on its being removed, without any bracing in place thereof, the wall had collapsed. No structural changes had been made to the building for many years and there was no proof when the floor had been lowered or that either of the defendants had been concerned in it, or even knew of it.

The plaintiff brought an action of trespass against the defendants as joint tort-feasors, alleging in his statement, (1) the duty of Morrison to maintain said wall in a safe and proper condition; (2) the duty of the Stores Company so to conduct its alterations as to protect those who might be within said building; (3) and the neglect of both defendants to take steps to protect or shore up the wall, although having knowledge of its unsafe and dangerous condition, and their joint and several maintenance of it in such condition.

It does not follow, because both defendants may have been negligent or at fault, that a joint action in trespass will lie against them. To hold them jointly liable there must be some concert or concurrence of action in the trespass or negligence charged, or some neglect of a joint duty resting upon them. For separate trespasses or separate acts tending to produce an injury there can be no joint recovery: Bard and Wenrich v. Yohn, 26 Pa. 482. As to positive acts of trespass or negligent acts of commission, there must be a concert of action or common intent; as in libel: Leidig v. Bucher, 74 Pa. 65; or malicious prosecution: Davis v. Wilhelm & Bonnett, 76 Pa. Superior Ct. 396; or joint ownership or control of the instrumentality involved: Condren v. Heintz, 79 Pa. Su-

perior Ct. 283; or concurrent negligence producing the injury, as in the case of the collision of two negligently operated cars or vehicles causing injury to a third person: O'Malley v. Transit Co., 248 Pa. 292; Hitchins v. Wilson, 68 Pa. Superior Ct. 366; and this concurrence of action must be such as to show a united negligent act or some community of fault; it does not arise where neither defendant has any participation in or control over the negligent act of the other: Howard v. Union Traction Co., 195 Pa. 391. As to negligent acts of omission, there must be the neglect of a joint or common duty, as of the obligation resting on two adjoining property owners jointly to keep in repair a party wall: Klauder v. Mc-Grath, 35 Pa. 128. If the duty resting upon them is not joint or common but separate and distinct, if the measure of responsibility is different, they cannot be joined in one action even though both are negligent. Thus a property owner and a municipality cannot be held jointly liable for the defective condition of a sidewalk: Dutton v. Lansdowne Boro., 198 Pa. 563, because they are in no sense of the term joint wrongdoers: Brookville v. Arthurs, 130 Pa. 501. A master and servant cannot be held joint tort-feasors for the negligent act of the latter committed in and about his master's business: Betcher v. McChesney, 255 Pa. 394; nor a life tenant and remainderman held jointly liable for failure to make repairs: City of Bradford v. Barry, 254 Pa. 303, 308. One who is injured by culm deposits, discharged into a stream by two distinct mining companies, cannot sue them both as joint defendants in one action: Little Schuylkill Nav. R. R. & Coal Co. v. Richards, 57 Pa. 142; Eckman v. L. & W. Coal Co., 50 Pa. Superior Ct. 427. In Wiest v. Traction Co., 200 Pa. 148, an action was brought jointly against the City of Philadelphia, the Electric Traction Co. and a firm of contractors engaged in laying tracks for the traction company, for the death of plaintiff's husband caused by falling over a steel girder rail negligently left lying in the gutter during the progress

of the work. It was held that there was no concurrent action by the defendants, nor joint or common duty resting upon them. So in Goodman v. Coal Twp., 206 Pa. 621, it was held that a joint action could not be maintained against a township and a street railway company to recover damages for personal injuries caused by the unsafe condition of a public road where the railway tracks crossed it, as there was no concert of action by, nor joint obligation resting upon, the defendants. The language charging the joint negligence in that case, p. 623, is very similar to that employed in this, but it was held that the torts complained of were separate, not joint. See also, Sturzebecker v. Inland Traction Co., 211 Pa. 156; Minnich v. Elec. Ry. Co., 203 Pa. 632.

Applying these principles to the present case, it is apparent there was no joint or common duty resting on these two defendants. The Stores Company was not responsible for the general condition of the walls of Morrison's building. Morrison had no part in or responsibility for the alterations to the fixtures and fittings being made by the Stores Company. If these alterations resulted in causing, or exposing, a condition which required repairs to the wall and temporary bracing, there was no joint duty resting on the two defendants. One or the other was primarily liable to make these repairs. The responsibility was wholly unlike that attaching to a party wall. A duty may have rested on each of them to use due care that no harm befell third persons, but it was wholly separate and distinct and in no sense joint or common. The plaintiff may have had a right of action against each of the defendants,—we are not required to decide that point,—but he had no joint right of action against them both, because there was no concert or concurrence of action between them, so far as acts of commission were alleged, and no joint duty resting upon them, so far as acts of omission constituted the alleged negligence. Whatever duty rested upon them was separate and distinct, the neglect of which was the distinct

338, (1923).]          Opinion of the Court.

tort of each, not warranting a joint action: 1 Chitty on Pleading 98. Separate actions would have preserved all the legal rights of the plaintiff but would have left each defendant liable only for his own negligence. There would have been no cumulation upon both defendants of the effect of testimony properly admissible as to only one or the other of them.

The first and third assignments of error are sustained. The judgment is reversed and the record is remanded to the court below with directions to enter judgment for the defendants non obstante veredicto.