## Porter v. Quig Motor Car Company et al.

*Negligence—Joint tortfeasors—Retrospective remedial legislation—Act of June 29, 1923.*

The Act of June 29, 1923, P. L. 981, applies where two defendants are alleged to be jointly liable in trespass, even though the suit was commenced before the approval of the act; the act relates to the remedy, and applies to pending suits.

Demurrer. C. P. Northampton Co., April T., 1922, No. 105.

*E. J.* and *J. W. Fox*, for plaintiff; *Asher Seip*, for defendants.

STEWART, P. J.—Plaintiff's statement sets out that he owned an automobile which he left in the Quig Motor Car Company's garage at night, in a place designated by an employee of the said Quig Motor Car Company; that early in the morning of the next day an employee of the said Motor Company ran the car out of the garage without plaintiff's consent, and left the same standing on the tracks of the Easton Transit Company; that the morning was foggy; that the car of the Easton Transit Company was operated with defective brakes, and that it was run down the hill on Chestnut Street at a high rate of speed and ran into the plaintiff's car, causing very serious damage. Plaintiff sued both defendants, alleging joint negligence. The Easton Transit Company filed a statutory demurrer, to the effect that the cause of action stated is not joint, and that it sets up separate torts. It asked for judgment in accordance with the provision of section 20 of the Practice Act of May 14, 1915, P. L. 483. Many cases have been cited by the learned counsel who presented this matter. After the decision of the Supreme Court in Wiest *v.* Electric Traction Co., 200 Pa. 148, we find a multitude of decisions on this subject in the books which are hard to reconcile. In our examination of them, we think that the plaintiff proceeded properly, but we do not base our decision on the cases examined. For the convenience of counsel, we refer to Minnich *v.* Lancaster & Lititz Electric Ry. Co., 203 Pa. 632; O'Malley *v.* Philadelphia Rapid Transit Co., 248 Pa. 292; Harkin *v.* Toy and Philadelphia Rapid Transit Co., 278 Pa. 24, and Hill *v.* American Stores Co., Inc., and Morrison, 80 Pa. Superior Ct. 338. In our judgment, however, this matter is ruled by the provision of the Act of June 29, 1923, P. L. 981. The title of that act is: "An act relating to procedure in suits wherein it is pleaded that two or more defendants are liable for a specified cause of action." The first section of the act is: "Be it enacted, etc., That whenever it is pleaded in any suit that two or more defendants are jointly liable for the cause of action specified, and, in the opinion of the trial judge, the evidence may not justify a recovery against some of them, the suit shall not be dismissed as to all, but the case shall be submitted to the jury, if the facts are in dispute, to determine which, if any, of them are liable, or, if the facts are not in dispute, the question of liability of any or all of them may be reserved for consideration by the court *in banc*, or the suit may be dismissed as to some and the trial proceed against the others, in every such contingency, with the same effect as if the defendants ultimately found to be liable were the only ones alleged to be so." That act was evidently passed to apply to just such cases as the present, and we see no reason why it does not govern the present case. It is true this case was commenced in March, 1922, but the act is one affecting a remedy. As a general rule, statutes are construed as prospective and not retrospective, but that rule does not apply where it does not affect any contractual relation. In Rodebaugh *v.* Philadelphia Traction Co., 190 Pa. 358, the syllabus is: "The Act of June 24, 1895, P. L. 236, relating to actions for injuries wrongfully done to the person,

and limiting the right of action to two years from the time when the injury was done, does not affect any vested right in a case where suit is not brought for more than three years after the passage of the act. The act affects merely the remedy." To the same effect is Bowden v. Phila., Wilmington & Baltimore R. R. Co., 196 Pa. 562, and Best v. Baumgardner, Eberman & Co., 122 Pa. 17.

And now, May 5, 1924, defendant's demurrer is overruled and not sustained.

From Henry D. Maxwell, Easton, Pa.