(No. 5300.    March 10, 1930.)

H. P. LOWE, Appellant, v. SKAGGS SAFEWAY STORES, INCORPORATED, a Corporation, and ROSALIE D. ELLIOTT, Respondents.

[286 Pac. 616.]

Harry Keyser and E. P. Barnes, for Appellant.

J. P. Pope and W. R. Griswold, for Respondents.

BUDGE, J.—Appellant brought this action against respondents Skaggs Safeway Stores, Incorporated, and Rosalie D. Elliott for damages alleged to have been sustained by the malicious prosecution of appellant upon a charge of forgery. A motion for nonsuit was granted as to respondent corporation, and the jury returned a verdict for respondent Elliott. This appeal is from the judgment entered in favor of respondents.

The material allegations of appellant's complaint, most of which are denied by the answer of respondents, are as follows:

That the defendant corporation operates three merchandising stores in Boise City, in which is maintained a general office, and that defendant Elliott is the general local secretary and bookkeeper in the employ of defendant corporation in said general office; that on or about September 23, 1927, the defendants falsely, maliciously and without any reasonable or probable cause therefor, conspired, combined and agreed to prosecute the plaintiff upon the criminal

charge of forgery, and in furtherance of said plan and agreement the defendant Elliott falsely and maliciously and without any reasonable or probable cause made, signed and swore to and filed with a justice of the peace in Boise precinct a certain criminal complaint in writing, charging and accusing the plaintiff of forging and uttering a certain bank check and passing the same to defendant corporation; that the defendants caused and procured the justice of the peace to issue and grant a warrant of arrest of the plaintiff upon said charge, and by virtue of said warrant procured the plaintiff to be arrested and deprived of his liberty for about two hours; that a dismissal of said charge was moved by the prosecuting attorney on the ground that the evidence was not sufficient to justify a preliminary examination, and the said action was thereupon dismissed; that plaintiff was compelled to expend counsel fees in said action, and was specially damaged in the amount thereof, and had been injured in his person and reputation, loss of time and inconvenience, etc., to his further damage in a stated amount.

The principal questions involved arise out of the granting of the motion for nonsuit as to respondent corporation, and the giving of and refusal to give certain instructions for consideration of the jury in reaching a verdict as to respondent Elliott. The principal ground of the motion for nonsuit was that there was no substantial evidence that the corporation authorized the institution of the criminal proceeding, no evidence of ratification of such act, and that such act was not within the scope of authority of any employee who had anything to do with the prosecution. There is no contention by appellant of any express authorization by respondent corporation for institution of the criminal proceeding, or that the acts of the employees in regard thereto were ratified. The assumption of liability rests on the evidence being of sufficient import to show implied authority.

It may be conceded that a corporation may be held liable in damages in an action of this character without

express authority given to an employee to institute a criminal action, where such authority may be implied from the nature of the employment or scope of authority of the employee. From a perusal of the record in regard to the scope of authority of the employees of respondent corporation concerned, it is our opinion that the nature of their employment could not be said to be such as to give them implied authority to act for the corporation in a matter of the kind involved. The duties of the two unit managers, who participated to some extent in the investigation leading to the filing of the criminal charge against appellant, were limited, being in the main to receive and sell at the stores assigned to them the merchandise sent to the stores, make up the cash at night and turn over the cash received in the sale of merchandise to the district office, and take care of the opening and closing of the stores each day. The duties of the bookkeeper, respondent Elliott, were to post daily sales of the stores, deposit money received by each store, check invoices for merchandise, compile different sales reports to be sent to the general office, prepare remittance slips for merchandise and checks for the signature of the district manager, check balances and bank statements, etc. There is no evidence to show that the district manager, who might have been considered to have power to represent the corporation, or any other of its directing officers, had anything to do with or even knew of the filing of the charge against appellant.

It has been held that only such agents of a corporation as are entrusted with the general management of the business have implied power to institute and prosecute civil and criminal actions in its behalf. (*Vara v. R. M. Quigley Const. Co.*, 114 La. 261, 38 So. 162, 164.) Since it is clear that none of the employees of respondent claimed to have been concerned in the instigation of the prosecution against appellant had other than defined, limited authority, without general discretion, any act or acts upon their part having to do with the filing of the criminal charge would not

render their principal liable. (*Equitable Life Assur. Soc. v. Lester*, (Tex. Civ. App.) 110 S. W. 499; *Sweatman v. Linton*, 66 Utah, 208, 241 Pac. 309.)

Coming now to the errors assigned by appellant with respect to respondent Elliott: Her duties as district book-keeper of respondent corporation have been outlined. It may be proper to call attention briefly to the material facts elicited upon the trial, particularly with reference to the part taken by respondent Elliott in connection with the issuance of the criminal complaint upon which the warrant of arrest issued. The alleged forged checks were brought by the unit manager, Moore, to the office of the corporation where respondent Elliott was employed. They had some conversations about the checks and later took them to the office of Magistrate Stacy, detailing to him the facts of the entire matter, including those known with reference to the passing of the checks, the visit of the unit manager, Moore, to the bank upon which the checks were drawn and the conversation with the cashier of the bank, who advised the unit manager to take the checks to Stacy. At the suggestion of the unit manager, respondent Elliott signed a form of criminal complaint which at the time she signed it had not been filled out and was not sworn to by her, but was left with the magistrate. The latter advised the unit manager to turn over the checks to Deputy Sheriff Swanholm, an officer of some years' experience in the handling of such cases, for investigation. The checks were delivered to Swanholm, who located a city warrant bearing appellant's indorsement. Comparing the signatures on the checks alleged to have been forged with the indorsement on the warrant, Swanholm sent word to the unit manager that at least one of the checks had been forged by appellant, that they had the right man, and to go ahead. Thereafter, the magistrate selected one of the checks as the basis of the criminal charge, filled out the complaint charging appellant with forgery, and issued a warrant of arrest. Respondent Elliott had nothing to do with the selection of the check upon which the charge was

based or the filling out of the complaint, and had no knowledge of appellant's arrest until some time after it occurred. The magistrate testified it was upon his own responsibility that he selected the check made the basis of the criminal charge, filled out the complaint and issued the warrant.

There is no proof that respondent Elliott was prompted in her connection with the whole transaction by reason of malice, unless there was a want of probable cause from which malice might be inferred. Malice in a malicious prosecution may be inferred if the jury think the inference warranted from a want of probable cause. (*Ross v. Kerr,* 30 Ida. 492, 167 Pac. 654; *Springfield Engine & Threshing Co. v. Green,* 25 Ill. App. 106, 110.) In order to support an action for malicious prosecution two essential facts must occur, namely, want of probable cause and malice. The burden is on plaintiff to prove both. (*Fackrell v. McDonald,* 87 Cal. App. 418, 262 Pac. 431.) The question of whether respondent Elliott acted in good faith in presenting the facts to the magistrate or was prompted by malice was answered by the jury in her favor, and we cannot say the evidence does not support such finding.

The court instructed the jury that where a party in good faith makes a full and truthful statement of the facts to a magistrate, and the magistrate acts thereon and issues a warrant or does some other act which the law does not justify, mistakenly believing the facts so stated to constitute an offense, the party making the statement is not liable as for a malicious prosecution. It is contended by appellant that this and a similar instruction as to disclosure of facts to a police officer do not state the law in any jurisdiction. The identical propositions as set forth in the instructions are stated in 38 C. J. 396, 397, as having been very generally so held, and the cases cited support the text. (See, also, *Ball v. Rawles,* 93 Cal. 222, 27 Am. St. 174, 28 Pac. 937; *Williams v. Casebeer,* 126 Cal. 77, 58 Pac. 380; *Rosenstein v. Feigel,* 6 Phila. (Pa.)

532; *Thomas v. Painter*, 10 Phila. (Pa.) 409; *Cook v. Proskey*, 138 Fed. 273, 70 C. C. A. 563; *Newman v. Davis*, 58 Iowa, 447, 10 N. W. 852; *Mentel v. Hippely*, 165 Pa. 558, 30 Atl. 1021; *Carratt v. Morley*, 1 Q. B. 18, 113 Eng. Reprint, 1036; *McNeal v. Millar*, 143 Ark. 253, 220 S. W. 62; *Wilkinson v. Arnold*, 11 Ind. 45.)

█ █ Error is predicated upon the action of the court in permitting Officer Swanholm to testify as an expert with reference to the writing on the checks examined by him and the exemplar. It was shown that the witness had been a peace officer for a number of years with considerable experience in the examination and comparison of handwriting. The qualification of a witness to testify as an expert is a matter largely within the discretion of the trial court, and its rulings will not be reversed unless there has been an abuse of that discretion. (Note, Ann. Cas. 1912D, 817.) There was no abuse of discretion on the part of the trial court in the respect complained of. The same is true with reference to the ruling of the court made the basis of appellant's specification of error No. 1.

Refusal of the court to give certain requested instructions is assigned as error. While some of the requests may be said to embrace correct statements in the abstract, they were properly refused either as having no particular application to the facts or were sufficiently covered by the instructions given.

Finding no reversible error, the judgment must be affirmed, and it is so ordered. Costs to respondents.

Lee and Varian, JJ., and Koelsch, D. J., concur.

Givens, C. J., concurs in the conclusion reached.

Petition for rehearing denied.